## WISHARD *v.* MEDARIS.

PARENT AND CHILD. — *Custody of Minor.* — *Indiana Soldiers and Seamen's Home.*—On the 6th of November, 1868, a minor, an orphan child of a deceased Indiana soldier, was received into the Indiana Soldiers and Seamen's Home, upon a written instrument signed by the mother of said child, reciting, that she thereby surrendered said child " to the care and guardianship" of the trustees of said Home, to be under the control of said trustees, to do with said child as they might think best for the interest of the child, without specifying any time during which the child should so remain.

*Held,* that in the absence of anything showing that the mother was not a suitable person to have the custody of the person of said minor, she was entitled to regain such custody at any time.

APPEAL from the Henry Circuit Court.

DOWNEY, J.—The question to be decided in this case arises upon a writ of *habeas corpus,* sued out by, and on the petition of, the appellee, the object of which was to obtain the custody of her children, alleged to be deprived of their liberty by the appellant.

The return of the appellant to the writ states, that he is the superintendent of the Indiana Soldiers and Seamen's Home; that the children are under twenty-one years of age; that they are the orphan children of James S. Medaris, who was a volunteer soldier in one of the Indiana regiments in the late war; that on the 6th day of November, 1868, the

appellee, their mother and surviving parent, by an instrument of writing, filed therewith, surrendered to the care and guardianship of the trustees of the said soldiers' home, her said infants, to be cared for and educated as the wards of the said trustees, he the said appellant, being the superintendent of said Soldiers and Seamen's Home, and having charge of said minors by and under the authority of the said trustees, who derive their authority from the laws of the State of Indiana; and that his only authority for their custody and detention is the power vested in him by the said trustees and the laws of the State of Indiana.

The instrument, a copy of which is filed with the return is as follows:

"SOLDIERS AND SEAMEN'S HOME,
KNIGHTSTOWN, November 6th, 1868.

"Know all men by these presents, that I, Amanda Medaris, do hereby surrender to the care and guardianship of the trustees of the soldiers' home, William Robert Medaris and Flora E. Medaris, aged fourteen and five years, to be under the control of said trustees, to do with him and her as they may think best for the interests of the child.

Witnessed                              AMANDA MEDARIS.
by M. M. WISHARD."

The appellee excepted to the return for insufficiency. The circuit court held that it did not show legal and sufficient authority for the detention of the children, and ordered that they be discharged from the said Indiana Soldiers and Seamen's Home. There was an exception by the appellant, and an appeal taken to this court.

Referring to the act of March 11th, 1867, entitled "an act to establish a home for the maintenance of sick and disabled Indiana soldiers and seamen and their orphans and widows," 3 Ind. Stat. 494, we find the following provisions bearing on this question: Section 1 provides, that there shall be established at, &c., a home for the maintenance of sick and disabled Indiana soldiers and seamen, and their orphans and widows, &c.

Section 2 provides, that the charge and management of said home shall be intrusted to a board of trustees, &c.

Section 9 provides, that the immediate direction of such home shall be under a competent and responsible principal, who shall be a surgeon, whose duty it shall be to superintend its several departments, &c.

Section 7 is as follows: "The trustees shall have power to adopt such regulations for the admission of, and discharge of persons who have entered the United States service, in the army or navy, as they may think proper: *provided*, that no one shall be admitted who has the means of support, and who has not been disabled in such service, or at the time of such application is not disabled and necessitous: *and provided, further*, that the widows and orphans of such persons from this State as have been in such service, and have not the means of livelihood, shall be admitted, and such admissions shall be in proportion to the number of soldiers furnished by each county, if there be more applications for admissions than can be accommodated, which apportionment shall be made by the trustees."

"Sec. 8.   The necessitous persons admitted to the home shall be in the following order:

*First.*   Totally disabled soldiers and seamen.

*Second.*   Partially disabled soldiers and seamen.

*Third.*   Orphans under fifteen years of age, of deceased soldiers and seamen, without father or mother.

*Fourth.*  Orphans under fifteen years of age, of deceased soldiers and seamen whose mothers are living."

In the act of 1869, amending the act of 1867, 3 Ind. Stat. 498, sec. 3, it is provided, that "said trustees shall be deemed the legal guardians of the persons of all children entitled to admission to said home, who shall be voluntarily placed therein by their mothers, or in case they have no mothers, by other authorized persons; and when, in their judgment, it shall appear to the trustees to be for the interest of any such child, they may indenture him or her during minority," &c.

As these children were placed in the institution on the 6th day of November, 1868, prior to the enactment of the amendatory law of 1869, we think we must consider the case as governed by the law of 1867 exclusively.

We do not wish to be understood as deciding whether the fifth section of the act of 1869 is or is not valid as an amendment of the law with reference to guardians, or what would be the effect thereof if valid.

The sixth section of the act touching the relation of guardian and ward, 2 G. & H. 566, provides, that "every guardian so appointed" (that is as required by that act) "shall have the custody and tuition of such minor, and the management of such minor's estate during minority, unless sooner removed or discharged from such trust: *provided*, that the father of such minor, or if there be no father, the mother, if suitable persons respectively, shall have the custody of the person, and the control of the education of such minor."

We think we must presume, in the absence of any showing to the contrary, that the mother was, in this case, a suitable person to have the custody of the persons of her children, &c.

What, then, was the legal effect of the instrument of writing which she executed, and which is copied in the return? The statement in the writing, that the mother surrendered her children to the "care and guardianship of the trustees," did not have the effect to make the trustees the legal guardians of the children for two reasons: first, the mother was not authorized thus to appoint a guardian for them; and second, the trustees were not authorized to receive such appointment, or, in their corporate capacity, to act as guardians.

If the instrument in question is to be regarded in the character of a contract between the mother and the trustees, and if it be conceded that she might alienate her right to the custody and to control the education of her children, the question arises, for how long a time did she agree to part with such custody, &c.?

We think we cannot regard it anything more than a tem-

porary arrangement, which either party might terminate at any time. The trustees were under no obligation by law, or by the agreement, to retain the custody of the children for any definite time; nor was the mother under any obligation to allow them to remain for any fixed period of time. See *The State, ex rel. Sharpe,* v. *Banks,* 25 Ind. 495, and cases there cited.

The judgment of the circuit court is affirmed, with costs.

*M. L. Bundy,* for appellant.

*C. W. Smith, Jr., M. M. Ray,* and *J. A. Holman,* for appellee.