# Harrist, *et al. v.* Harrist.

*Habeas Corpus for Possession of Child.*

(Decided May 9, 1907.    43 South. 962.)

1. *Habeas Corpus; Return; Demurrer to.*—A demurrer is not the proper method to test the sufficiency of the return to a writ of habeas corpus.

2. *Same; Conclusiveness.*—A return to a writ of habeas corpus when not denied by appropriate pleading must be taken as true. (Sec. 4832, Code 1896.)

3. *Parent and Child; Custody.*—Under the facts in this case, and having regard for the best interest of the child, it is held, that the custody by the child by the uncles and aunts should not be disturbed in favor of the mother.

APPEAL from Chambers Probate Court.

Heard before Hon. A. J. DRIVER, JR.

Application of Dora Harrist for a writ of habeas corpus for the possession of Annie Harrist against Smith Harrist and others. Judgment for petitioner, and respondent appeals. Reversed and rendered.

The respondents answered, setting up that they had in no manner, without law and right, confined or imprisoned or restrained or deprived Annie Harrist of her liberty, but that the said minor is in the custody and care of respondents by reason of her own preference, and for the other following reasons: That respondents are

[Harrist, et al. v. Harrist.]

the uncles and aunts of Annie Harrist, and for a greater portion of her life she has been under the protection and care of respondents. They have clothed, fed, and nurtured her, and have been to her as father and mother, ever showing to her that love and affection that faithful and kind parents should show to their child, and that for the greater part of the past 12 years, the time in which said minor most needed the protection and care of a mother, she has been in the custody of respondents, and not of her mother. That the child was very sick in May of this year, and respondents carried her to Dr. Slack, a prominent physician, who advised that she was suffering from a serious malady and was unable to work. That respondents paid for this medical service themselves. That soon after this the child went to visit her mother, who knew of the doctor's advice, and, despite the same, put the child to drudgery about the house, such as scouring floors and ironing for the family, to the detriment of the child's health. It is further alleged that on the deathbed of the child's father these respondents were requested by the child's father that she be taken by them and raised and educated. It is denied that respondents obtained possession of the child by fraud or deceit. It is further alleged that the child is willing and anxious to remain with respondents and does not desire to return to her mother. It is also alleged that the petitioner has no property and is financially unable to support and educate the child, but that respondents are able and willing to do so, and desire to give her a college education. This return is sworn to. This return was demurred to on the ground that it was not a sufficient answer or defense to the petition.

E. M. Oliver, and Hines & Fuller, for appellant.— Unless a return to the writ is traversed it will be taken

42 R

as true.—*Bray v. The State,* 140 Ala.. 172. If no evidence is adduced by either party the return is presumed to be true, and the averments of the petition of the writ, though not denied or contraverted by the returns, cannot be considered as thereby admitted.—*Ex parte Hunter,* 39 Ala. 60. If the parent be unable, or unwilling properly to care for the offspring, or if the child be old enough and have sufficient judgment, prefers not to return to the parent, the court should not grant the relief. —*Brinster v. Compton,* 68 Ala. 300; *Neville v. Reid,* 134 Ala. 317; *Ex parte Boaz,* 31 Ala. 427; 44 L. R. A. 277; 40 L. R. A. 623; 38 L. R. A. 471.

PATTON LOVEJOY, and SAMFORD & DUKE, for appellee. —No brief came to the Reporter.

McCLELLAN, J.—Writ of habeas corpus issued, at petition of Dora Harrist, to respondents, who, it is alleged, illegally restrained the child of petitioner. Written return to the writ was promptly made. Motion to strike the return was overruled. Petitioner demurred to the return, and, as shown by formal entry, the demurrer was sustained. There was no traverse of the facts set forth in the return. The entry continues in this language: "Respondents, being allowed to amend their return, declined to do so; and thereupon, the court being of the opinion, from the facts stated in the returns, said Annie Harrist should be awarded to her mother, the said Mrs. Dora Harrist. * * * Then follows a judgment giving effect to the quoted conclusion. Notwithstanding the record asserts that the demurrers to the return of respondents were sustained, it affirmatively appears therefrom that the facts set forth in the returns were considered by the judge of probate in reaching his conclusion in the premises. So, we take it, though the de-

murrers were sustained, the benefit of the facts alleged in the return was had by the respondents. And it may be here appropriately remarked that demurrer is not the proper method of testing the sufficiency of the return to such a writ.—Hurd's Habeas Corpus, pp. 254, 255; *Mc-Glennan's Case*, 90 Ind. 153; *Cunningham's Case*, 25 Ind. 171. The return being undenied (Code 1896, § 4832), it must be taken as true.—*Ex parte Hunter*, 39 Ala. 560; 9 Ency. Pl. & Pr. 1041.

While the court is clothed with a sound discretion to grant or refuse relief to a petitioning parent for custody of his or her child, yet that discretion is not exercisable, as a matter of course, in favor of the parent. The interest of the child is a primary consideration, though not always controlling, in determining whether the custody assailed shall be disturbed. If the petitioning parent is reasonably suited and able to maintain and rear the child, the prayer should, in ordinary cases, be granted. But if he or she is unsuited to have the custody and direction of the child, or unable to afford it the care and nurture and education reasonably to be expected, then the custody should not be granted the parent. And this latter conclusion is especially sound when it appears that the child is possessed of sufficient judgment to express and manifest a desire to remain where he or she is, without the custody of the parent.—*Kirkbride v. Harvcy*, 139 Ala. 231, 35 South. 848, and authorities there cited. The reporter will summarize the averments of the return.

Considering them as confessedly true, and applying the general rule above stated, we are clearly of the opinion, and so hold, that the custody of the child should not have been disturbed; and that the contrary conclusion of the judge of probate is erroneous. It follows

[Harrist, et al. v. Harrist.]

that the judgment appealed from is reversed, and one is here rendered dismissing the petition.

Reversed and rendered.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.