# Saunders, *et. al. v.* Saunders.

### *Bill for Guardian and Custody of Child.*

(Decided April 21, 1910.  52 South. 310.)

*Parent and Child; Custody of Child.*—The right of the father to the custody of the child yields to the consideration of the good of the child and where it appears that the welfare of the child will be best promoted the custody of the child will be transferred from the father to the grandfather.

APPEAL from Calhoun Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Annie Gordon Sanders against C. W. Sanders, and others, for the custody of a child.  Decree for complainant and respondent appeals.  Affirmed.

KNOX, ACKER, DIXON & BLACKMON, for appellant. Counsel discuss the evidence and insist that the court erred in the decree rendered.

P. F. WHARTON, and M. P. STERNE, for appellee.  No brief reached the Reporter.

SIMPSON, J.—This is a bill filed by the appellee, by her next friend, praying for the appointment of a guardian, and also that the custody of said infant be transferred from her father, C. W. Saunders, and wife, to her grand father, J. B. Gilmore.

The testimony in this case has been carefully examined, and it is not entirely free from conflict.  Said Annie Gordon Saunders is the daughter of said C. W. Saunders by his first wife, who died when the child was about two years old, and she lived with her maternal grandparents until after her father had married again

and either had or would shortly have another child, something less than two years before the trial, at which time said infant was ten years old. No evidence was introduced tending to show that said grandparents were not proper persons to have the custody of the child, or that she is not happy with them. On the other hand, the fact that the child has run away four times from her father, to go to her grandparents, is a strong circumstance tending to show her preference.

We agree with the chancellor that no good can be accomplished by discussing the testimony. In fact, some of it had better be forgotten than perpetuated. While we recognize that, as a general proposition, the father has the right to the custody of the child, yet the good of the child must be the main consideration of the court, and from a careful consideration of the evidence we conclude that the chancellor properly held "that the welfare of the child will be the best promoted, for the present at least, by transferring her custody from her father, C. W. Saunders, to her grandfather, J. B. Gilmore."

The decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.