# Montgomery *v*. Hughes, *et al.*

## *Habeas Corpus.*

(Decided June 9, 1911. Rehearing denied Jan. 30, 1912.
58 South. 113.)

1. *Habeas Corpus; Children; Chancery Jurisdiction.*—The chancery court has jurisdiction in a proper case to take the custody of a child from its parents and give it to some other suitable person.

2. *Same; Right of Parent.*—A parent is entitled to the custody of his child unless good cause is shown for giving its custody to another.

3. *Same; Controlling Consideration.*—The controlling consideration in determining the custody of a child is the welfare of the child.

4. *Same; Disposition of Parent.*—Children are not subject to disposition at will by their parents as chattel, and a transfer of custody by a parent is presumed to be a temporary one, and the parent may terminate the same and reclaim the child if it will not jeopardize the child's welfare.

5. *Same; Intoxication of Parent.*—The occasional use of intoxicants by a parent is not of itself grounds for denying him the custody of his child.

6. *Same; Return; Conclusiveness.*—The return to a writ of habeas corpus is presumed to be true until the contrary is shown by the evidence or its effect otherwise avoided.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Habeas corpus by Basil K. Montgomery for the possession of his child against M. R. Hughes and others. From a judgment for defendants, plaintiff appeals. Reversed and rendered on original hearing in the Supreme Court. On application for rehearing, the case was transferred to the Court of Appeals under the statute, where the application was denied.

DANIEL COLLIER, and R. H. SCRIVNER, for appellant. A parent cannot dispose of a child as chattel.—*Morris v. Lowe,* 4 Stew. 123. The contract here sought to be enforced is void as against public policy.—6 L. R.

A. 672; 29 Cyc. 1591; 21 A. & E. Enc. of Law, 139; 39 South. 641. The occasional intemperance of the petitioner did not authorize the court to deny him the custody of the child.—*Bryan v. Bryan,* 34 Ala. 516. While the court has jurisdiction to place the custody of the child in another than the parents, it should not do so capriciously as the natural right resides in the parents and should not be disturbed except to conserve the welfare of the child.—*Bryan v. Bryan, supra; Ex parte Boaz,* 31 Ala. 425; *Kirkbride v. Harvey,* 139 Ala. 241; 29 Cyc. 1590; 21 A. & E. Enc. of Law, 1038; 86 S. W. 730; *Stribbling v. Ware,* 36 Ala. 87.

BROWN & WARD, for appellant. The court is clothed with the sound discretion and will look to the welfare of the child even to the taking it from the custody of its parents and placing it in the custody of a third person. —*Brinster v. Compton,* 68 Ala. 299; *Ex parte Murphy,* 75 Ala. 409; *Neville v. Reed,* 134 Ala. 317; *Kirkbride v. Harvey,* 139 Ala. 231; 5 Mayf. 731. Read in the light of these cases, the evidence in the record discloses the fact that the court properly denied the writ and left the custody of the child where it found it, in the maternal grandparents.

SIMPSON, J.—This is a petition by the appellant for the custody of his daughter, who is five years of age, and in the custody of its maternal grandparents, the appellees. The child has been with the grandparents since shortly after the death of its mother at which time the child was only a few weeks old. The father had remarried and several conferences had been had in which the father claimed custody of the child and there is a conflict in the evidence as to whether he agreed verbally at the time of his wife's death, that the grand parents should have charge of the child for any

definite time, and also as to whether, when the father had recently taken the child to his home, it was merely for a visit, or with the intention on the part of the grandparents of delivering the permanent possession to him. The grandparents took the child from the father's wife while he was absent. We do not think that the evidence on these points raises any serious question that needs to be considered in the decision of this case.

There can be no question of the jurisdiction of the chancery court to deny the father the custody of his child, and place it in the care of the grandparents or any other suitable person, but there are certain recognized principles which must govern the discretion of the court in such cases. The laws of nature teach us that the relation of parent and child is sacred, that the welfare of the child is conserved by the cultivation and promotion of that affection which should exist between parent and child, and that as a general proposition no one can watch over the growth and development of the child as a loving father or mother can and will.

Consequently it is recognized that, other things being equal, the parent is not only under the sacred duty of providing and caring for his child, but that, in correlation of that duty, the parent is entitled to the care and custody of his child, unless some good cause is shown why he should not have such care and custody, not merely as a matter of right, but because the law presumes that the best interests of the child are thereby subserved; and this court has said "that the parental authority will not be interfered with, except in case of gross misconduct, or where, from some other cause, the parent wants either the capacity or the means for the proper nurture and training of the child. * * * The superior claim of the parent ought not, in our opinion, to be disturbed, unless it plainly appears that the interests of the child

require it to be set aside."—*Striplin v. Ware,* 36 Ala. 87, 90. See, also, 29 Cyc. 1590 et seq., and notes.

While, of course, we cannot approve acts of intemperance in the past, yet, under the evidence in this case, we hold that it has not been shown that the father is an improper person to have charge of his child, and the childs tender age excludes the idea of her making an intelligent choice.

The decree of the court is reversed, and a decree will be here rendered granting the prayer of the petitioner.

McCLELLAN, MAYFIELD and SAYRE, J.J., concur.

## On Application for Rhearing.

PELHAM, J.—After the opinion handed down by the Supreme Court (present term) and an application for rehearing filed, this case was transferred to the Court of Appeals under and by authority of the jurisdiction given to this court by the act of the Legislature approved March 9, 1911 (Acts 1911, pp. 95, 96 § 2), establishing the Court of Appeals.

We have carefully examined the evidence as set out in the record, and, while the weight of it may be said to be in favor of appellees contention as to the intention with which the grandfather gave the custody of the child to the father a short time before this proceeding was instituted, and while it is also true that the weight of evidence favors appellees further contention that the child was committed to the care and custody of the grandparents by the father with an understanding that the grandparents should retain the custody of the child "and raise it until it was grown," it is nevertheless a fact, as stated by the learned justice in delivering the original opinion in this case, that the evidence on these matters is in conflict, for the father gives pointed denial to each of such contentions in his evidence set out in the record.

[Montgomery v. Hughes, et al]

The father positively denies that he gave the custody of the infant to the grandparents for any definite period, and this alone, without a necessity for pointing out other differences, distinguishes this case from one of the cases cited by appellee, and especially relied upon in the brief filed on application for rehearing, viz., *String-fellow v. Sommerville,* 95 Va. 701, 29 S. E. 685, 40 L. R. A. 623. In this case last cited it was held that, where the father had acquiesced in and had in fact been a party to placing the infant in the custody of its aunts to remain until reared by them, the court would not, on the application of the father, after the child had grown into the new life around her and become aliened, or a stranger to her paternal home, disturb the aunts' custody of the child because of a careful regard of the court to the child's welfare, deeming such a change not to the best interests of the child under the proof in that case. The tender years of the child in this case also distinguishes the two cases, as one of such extreme youth could not be said to have become alienated from her father's home and to have grown into a new life and formed such strong ties of affection for others that her welfare will be best served by separating her from the parental care of the petitioner.

That the best interests and welfare of the child is the primary consideration controlling the courts in determining all disputes as to the custody of minors is a settled rule.—*Brown v. Brown,* 2 Ala. App. 461, 56 South. 589; *Saunders v. Saunders,* 166 Ala. 351, 52 South. 310; *Pearce v. Pearce,* 136 Ala. 188, 33 South. 883; *Brinster v. Compton,* 68 Ala. 299; *Woodruff v. Conley,* 50 Ala. 304. That the prima facie right to the custody of the child is always in its parents over all other persons, however, is recognized in the above-cited cases, and all other well-considered cases on the subject, and, unless the best

interests and well-being of the child outweighs this prima facie right, the paternal relation will control as against the claims of another. The prima facie right of parents to the custody of minor children not being an absolute right to which they can under any and all circumstances assert their claims and have accorded to them the custody of a minor child, it necessarily results that each case must depend on the facts and circumstances of that particular case.

The father in this case denies that he gave the custody of the child to the respondents in the petition for any definite period, or "until it was grown," nor could the the respondents gain any vested rights thereby had he done so. His having made or consented to such an arrangement and acquiesced in it for such a period that the best interests and welfare of the child would not be served by disturbing the custody would, of course, govern, as in the case of *Stringfellow v. Somerville, supra,* but it would be due to a consideration of the welfare of the child, and not by reason of any rights acquired by an agreement to dispose of the child, for children are not chattels that may be disposed of by parents to other persons like property.

The ancient Roman law holding children to be the property of their fathers and subject to disposition by them as things and not as persons does not obtain in this country, and it would be contrary to public policy to make such a disposition of a child, and any transfer of the custody by a parent of his child to another is presumed to be a temporary surrender, unless the contrary clearly appears, which the parent may terminate and assert his parental rights and reclaim the child at any time when the welfare of the child is not thereby interfered with.—*Hermandez v. Thomas,* 50 Fla. 522, 39 South, 641, 2 L. R. A. (N. S.) 203; 111 Am. St. Rep. 137,

7 Ann. Cas. 466; *Miller v. Miller,* 123 Iowa, 165, 98 N. W. 631; *Brooke v. Logan,* 112 Ind. 183, 13 N. E. 669, 2 Am. St. Rep. 177; *Washard v. Medaris,* 34 Ind. 168; *State v. Libbey,* 44 N. H. 321, 82 Am. Dec. 223.

It is not necessary to enter into an extended summary of the evidence. It is enough to say that the petitioner is shown to be the father of the child, and having a prima facie right to its custody if a person fit, suitable, and competent to be intrusted with the custody, care maintenance, and education of the child, should be given that custody unless the welfare of the child forbids. The prima facie parental right to the child's custody by petitioner is not overcome by the facts presented by the record in this case.

The occasional indulgence in intoxicants shown by the evidence set out is not sufficient to deny petitioner the custody of his child.—*Bryan v. Bryan,* 34 Ala. 516; *L. & N. R. R. Co. v. Hall,* 131 Ala. 169, 32 South. 603. The other case especially relied upon by appellees in their brief—(*Kelsey v. Green,* 69 Conn. 291, 37 Atl. 679, 38 L. R. A.) is not in point. The contention there was not between the father with parental rights on the one hand and another party, but between two guardians appointed by different courts, and the father's right as a prima facie consideration or otherwise was not involved. Nor is there anything decided in that case not in harmony with our holding.

There is no merit in the contention of appellees asserted in their application, to the effect that the order of the chancellor must be affirmed because there is no formal order of denial by the record to the return to the writ. In the cases cited the question was one of pleading where the truth of the matter set up by the pleader was admitted by the contrapleader under the well-known rules of pleading. Here it is manifest from the record

that both parties tried the case without objection on an issue joined on the merits, and, after hearing the evidence introduced by both parties and argument of counsel, a judgment on the merits was rendered.

The return is only presumed to be true until its truth is disproved by the evidence, or its effect otherwise avoided.—*Ex parte Hunter,* 39 Ala. 560; Hurd on Habeas Corpus, 263.

The application for a rehearing is denied.

