(82 South. 558)

GAMBLE v. COTTON. (4 Div. 603.)

(Court of Appeals of Alabama. June 30, 1919.)

HABEAS CORPUS ☞99(7)—CUSTODY OF CHILD —APPRENTICESHIP.

Courts, in considering and determining as to who shall have custody of a child, are not bound by any contracts made with reference to the child, or with apprenticeship, but will look primarily to the present and future welfare of the child.

Appeal from Probate Court, Houston County; S. W. Burkett, Judge.

Action by Annie Cotton against Neil Gamble to obtain the custody of a child. From a judgment in favor of the former, the latter appeals. Reversed and rendered.

Lee & Thompkins, of Dothan, for appellant. J. N. Mullins, of Hartford, for appellee.

BRICKEN, J. Neil Gamble is the father of Vickers Gamble, a seven year old boy, and Annie Cotton is the paternal aunt of the child.

Gamble's wife died, and the children were kept and maintained by the father with another aunt for about five months, when, at the father's request, the boy in question was taken by Annie Cotton and kept for about five or six years, the father in the meantime contributing to its support. During this time,

and without the consent of the father and without notice to him of any kind, Annie Cotton went to the judge of probate and had the child apprenticed to her.

The father remarried and gathered his other children about him, and also obtained possession of the child in question by and with the consent of Annie Cotton upon the payment to her by appellant of the sum of $50 in cash, and the delivery to her of his note for a further sum of $250.. Appellee accepted the cash payment and the note, and returned to her home, leaving the child, Vickers Gamble, with his father. Afterwards, and after having been informed by her husband that there was doubt as to whether the note was good, she returned to her brother's house (appellant here) and turned back the money paid by appellant, and also the note, and demanded the child. The father declined to give her his child, whereupon she brings habeas corpus for the possession of the boy, and obtained an order of the court for the restoration of the boy to her. The judgment of the court was doubtless based upon the fact of the apprenticeship above noted. We say this order was doubtless based upon the apprenticeship, for it is clear from the record that no other sufficient reason was shown to exist. To the contrary, it is clear from the record that the child's welfare and its best interests would be better subserved by awarding its custody to its own father, who was shown to be a minister of the gospel and a man of good character, hard-working, and fully able to care for and educate his child, and was very desirous of so doing.

We pretermit a discussion of the question whether the apprenticeship was regular, or whether the court was in error in receiving in evidence the certificate of the judge of probate as being unnecessary to a decision in this case. Those desiring to investigate that question may consult section 2896 et seq. of the Code of 1907 and authorities there cited. McClure v. Williams, 201 Ala. 499; 78 South. 853.

We take it as settled in this state that the courts in considering and determining questions of this character will not be bound by any contracts made with reference to the child, or with apprenticeship, but will look primarily to the present and future welfare of the child. Murphree v. Hanson, 197 Ala. 246, 72 South. 437; Cook v. Echols, 16 Ala. App. 606, 80 South. 680.

Taking into consideration and weighing carefully the evidence in this case, that of the interested as well as the disinterested witnesses, also that of the child in question, and the circumstances surrounding the parties, we are of the opinion that the trial court reached the wrong conclusion.

Our judgment is, and it is the opinion of the court, that the father, under all the facts in the case, was and is entitled to the custody of his child, and the judgment of the trial court should be, and is annulled and hereby vacated, and one here rendered denying the writ and dismissing the petition, and awarding the custody of the child to Neil Gamble, its father.

Let the appellee pay the costs in this court and in the court below.

Reversed and rendered.