(82 South. 769)

Ex parte RICKERSON.    (8 Div. 197.)

(Supreme Court of Alabama.    June 30, 1919.)

DIVORCE ☞293—CONTEMPT—FATHER TAKING CUSTODY OF CHILD.

That pending suit by husband for divorce, in which he prayed for custody of child, but before any order, other than one for alimony pendente lite and attorney's fees, he took the child, who was living with its maternal grandparent, did not put him in contempt; he, as head of the family, being entitled to such custody, till divorce, or an order of the court as to the custody.

Frank Rickerson was adjudged guilty of contempt, and petitions for writ of certiorari to the judge of the Eleventh Judicial Circuit.    Writ awarded.

See, also, ante, p. 203, 82 South. 453.

John H. Bankhead, Jr., of Jasper, and H. D. Jones and Travis Williams, both of Russellville, for appellant.

Ray & Cooner, of Jasper, for appellee.

MAYFIELD, J.    Petitioner, Frank Rickerson, filed a bill in the circuit court of Franklin county, on the equity side of the docket, against his wife, Pearl Rickerson, in which he sought to have the court award the custody of his child, Frank Rickerson, Jr., as is provided for in section 3808 of the Code.    Pending the suit, but before final decree as to divorce, or as to any decree or order for the custody of the child, the wife filed a petition praying alimony pendente lite and attorney's fees for defending the suit.    A reference was had on these questions, and an award of $30 per month as for alimony pendente lite, and $100 as for attorney's fees, which order was confirmed by the court.    From this order complainant appealed to this court.

Pending this appeal complainant went to Walker county, where his son was then living with his maternal grandfather, and, finding the child, brought it back with him into Franklin county.    Thereupon the wife, the respondent, instituted contempt proceedings in the court, alleging the facts as to complainant taking the child.    The husband answered the petition, denying that he was guilty of any contempt in taking the custody and control of his own child.    No evidence was offered by the wife further than the petition and answer of the husband as to the latter taking the child in Walker county and bringing it into Franklin county.    The husband was denied the right to offer proof in support of his answer.    On the hearing of this contempt proceedings, the husband was adjudged in contempt of the court for having assumed the custody of the child, and was ordered to restore the custody of it to its mother and its grandfather; a fine was also imposed.    The husband obeyed the order as to delivering the custody of the child as directed by the court and the fine

203 ALA.—20

was suspended pending this appeal from the order so adjudging him in contempt as for assuming the custody of his child pending this action.

The trial court was in error.    The complainant was not in contempt of court in taking his own child to his home pending the suit.    The mere fact that the bill sought to have the custody and control of the son awarded him when the divorce was granted did not prevent his exercising his legal and parental control of the child until the court should otherwise direct.    Until a divorce is granted and effected, both the father and mother are not only entitled to the custody and control of the child, in the order named, but the law enjoins the duty upon them to support and maintain it, and the prime duty is on the father, as well as having the prime right to the custody and control thereof.

It is no doubt true that the court may, pending the suit for divorce, assume the custody and control of the child, if it be necessary for the well-being of the child, and may award the custody and control to either parent, or to third parties, as the interest of the child may be promoted; but until the court does assume to direct or control the custody of the child pending the suit, neither parent is in contempt in assuming the custody or control pending the suit, or until some order or decree of the court directs a different custody or control.    This is well illustrated in this particular case.    If the husband should now change or disturb the custody and control of the child after the court has assumed to direct and control the custody, and placed the child or directed it to be placed in the custody of others, he would be in contempt of court; but he was not in contempt in assuming and changing the custody and control prior to any order or decree of the court as to such custody.    Until such order by the court as to the custody, the husband was not only exercising a legal right, but discharging a duty which he owed the child and the public.

Merely filing a bill for divorce which prays, among other things, the custody of the children, and petition for alimony, does not ipso facto deprive the husband or wife of the custody or control of the children, or relieve them of the duty of assuming such custody or control.    Webb v. Webb, 140 Ala. 262, 37 South. 96, 103 Am. St. Rep. 30; Rickerson v. Rickerson, ante, p. 203, 82 South. 453.

The law regards the father as the head of the family, obliges him to provide for its wants, and commits the children to his charge, in preference to the claims of the mother or any other person.    His right to their custody may be forfeited by misconduct, or lost by misfortune.    A parent is entitled to the custody of his child unless good cause is shown for giving its custody to another.    The controlling consideration in determining the custody of a child is the welfare of the child.    The chancery court

has jurisdiction in a proper case to take the custody of a child from its parents and give it to some other suitable person. That the best interests and welfare of the child is the primary consideration controlling the courts in determining all disputes as to the custody of minors is a settled rule. Brown v. Brown, 2 Ala. App. 461, 56 South. 589; Saunders v. Saunders, 166 Ala. 351, 52 South. 310; Pearce v. Pearce, 136 Ala. 188, 33 South. 883; Brinster v. Compton, 68 Ala. 299; Woodruff v. Conley, 50 Ala. 304. The ancient Roman law holding children to be the property of their father and subject to disposition by him as things and not as persons, does not obtain in this country, and it would be contrary to public policy to make such a disposition of a child, and any transfer of the custody by a parent of his child to another is presumed to be a temporary surrender, unless the contrary clearly appears, which the parent may terminate and assert his parental rights and reclaim the child at any time when the welfare of the child is not thereby interfered with. Hernandez v. Thomas, 50 Fla. 522, 39 South. 641, 2 L. R. A. (N. S.) 203, 111 Am. St. Rep. 137, 7 Ann. Cas. 446; Montgomery v. Hughes, 4 Ala. App. 245, 58 South. 113.

It is not the interests of the grandparents nor those of the mother, but the best interests of the child and its present and future welfare that is the principal consideration for the court. Saunders v. Saunders, 166 Ala. 351, 52 South. 310; Brown v. Brown, 2 Ala. App. 464, 56 South. 589. The right of the father to the custody of the child yields to the consideration of the good of the child, and where it appears that the welfare of the child will be best promoted the custody of the child will be transferred from the father to the grandfather. Saunders' Case, 166 Ala. 351, 52 South. 310.

It follows that the trial court was in error in adjudging the complainant in contempt as to assuming the custody of his child prior to any order of the court as to the custody of the child. The order and decree of the court to this extent, and in imposing a fine therefor, is void, and a decree will be here rendered awarding relief as prayed to this extent.

Writ awarded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.