(84 South. 308)

BLACK et al. v. MONTGOMERY.
(1 Div. 346.)

(Court of Appeals of Alabama. Nov. 25, 1919.)

1. APPEAL AND ERROR ☞1012(1)—DECISION OF COURT ON EVIDENCE ORE TENUS NOT DISTURBED.

Where the trial is had by the court without a jury and the evidence is ore tenus, or partly so, a judgment, or the findings of the trial court, will not be disturbed, unless the conclusion reached is plainly contrary to the great weight of the testimony.

2. HABEAS CORPUS ☞99(3)—PRIMA FACIE RIGHT TO CUSTODY OF CHILD IN PARENT.

Prima facie, the right of the parent to the custody of a child should not be interfered with, unless the best interest of the child will be manifestly observed by so doing, for the law presumes that the best interest of a child is observed by the parent having its custody and possession.

3. HABEAS CORPUS ☞85(1) — TRANSFER OF CUSTODY OF A CHILD BY PARENT PRESUMED ONLY TEMPORARY.

The law presumes that any transfer of the custody by a parent of his child to another is merely a temporary surrender, unless the contrary clearly appears, which the parent may terminate and assert his parental rights and reclaim the child at any time, when the welfare of the child is not thereby interfered with.

4. HABEAS CORPUS ☞99(4)—PARENT PROPERLY GIVEN CUSTODY OF CHILDREN DESPITE RESPONDENTS' BETTER FINANCIAL SITUATION.

In habeas corpus proceeding by parent to obtain custody of children, held, that court did not err in awarding custody to petitioner, who was a hard-working woman and able to care for the children, although the respondents were better fixed in worldly goods.

Appeal from Probate Court, Monroe County; M. M. Fountain, Judge.

Lonziann Montgomery brought habeas corpus against Jimmie Black and Mary Ranaldson, in separate actions for the custody of her children which were consolidated and tried together, resulting in a judgment for the plaintiff, from which the defendants appeal. Affirmed.

The facts sufficiently appear from the opinion.

W. G. McCorvey and L. S. Biggs, both of Monroeville, for appellants.

The court erred in rendering the judgment for plaintiff. 2 Ala. App. 461, 56 South. 589; 166 Ala. 531, 52 South. 52.

Barnett, Bugg & Lee, of Monroeville, for appellee.

This case should be affirmed, on the authority of Cook v. Echols, 16 Ala. App. 606, 80 South. 680, and Gamble v. Cotton, ante, p. 110, 82 South. 558.

BRICKEN, P. J. Habeas corpus proceedings filed by appellee to recover the custody and possession of her two children Leo Riley Montgomery aged five, a boy, and Ettalola Montgomery aged two, a girl. These children were in the custody or possession of appellants Jimmie Black and Mary Ranaldson, respectively.

The case was tried by the court without a jury and judgment rendered in favor of petitioner awarding her, the mother, custody and possession of her two children. This judgment of the court is the sole assignment of error presented for review.

[1] In this case, as in all cases where the trial is had by the court without a jury, and where the evidence was ore tenus or partly so, the judgment or findings of the trial court will not be disturbed unless the conclusion reached by the court so sitting is plainly contrary to the great weight of the testimony. McCay v. Parks, 201 Ala. 647, 79 South. 119, and cases cited.

[2, 3] Bearing in mind the oft-pronounced rule in cases of this character that the welfare of the child is the paramount consideration, yet we cannot be unmindful of another principle of law, and humane provision, to the effect that prima facie the right of the parent to the custody of the infant should not be interfered with unless, as before stated, the best interest of the child or children will be manifestly observed by so doing. In other words, the welfare of the child or children is the primary consideration, though not always controlling, in determining whether the custody and possession assailed shall be disturbed. Where the controversy is between the parent on the one side and parties bearing no relation by ties of blood or otherwise on the other, as here, the natural ties of affection and sympathy existing between parent and child, though of an inferior race, or lowly condition, must be considered and should not be ignored in determining what is the best interest of the child. Cook et al. v. Echols et al., 80 South. 680.[1] All of

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 16 Ala. App. 606.

which may be said to mean that, all things being equal, the parent should clearly be entitled to the possession and custody of the child or children, unless some good cause is shown why the parent should not be awarded the custody, for the law presumes that the best interest of a child is subserved by the parent having the custody and possession thereof. Montgomery v. Hughes, 4 Ala. App. 245, 58 South. 113. And the law also presumes that any transfer of the custody by a parent of his child to another is merely a temporary surrender (unless the contrary clearly appears), which the parent may terminate and assert his parental rights and reclaim the child at any time when the welfare of the child is not thereby interfered with.

[4] In the instant case, it may be true that the evidence discloses the appellants to be a little better fixed in worldly goods than petitioner; but it is also disclosed that the mother is young, and is a hard-working woman, and she testified that she is able to properly care for her children and that she wants them. It is shown without dispute that one of the appellants made an offer to deliver the child in his possession to the mother upon the payment to him of $20 by the mother, and the other appellant offered to deliver the child in her possession if the mother would pay her.

The facts in the case of Brown v. Brown, 2 Ala. App. 461, 56 South. 589, cited by appellants and relied upon by them in argument, are so clearly different from the facts in this case, it renders the two cases without analogy, and it cannot be said that the Brown Case is an authority in the case at bar; for, after a careful consideration of the evidence in this case, we do not think that the difference in the situation of the respective parties as shown by the evidence would have justified the trial court in denying the prayer contained in the petition. We are of the opinion from all the facts in this case, as shown by the record, that the court reached the correct conclusion, and it follows that the two judgments rendered by the court must be affirmed. Gamble v. Cotton, ante, p. 110, 82 South. 558.

Affirmed.