(89 South. 306)

## McDONALD et ux. v. WATKINS et al.
### (5 Div. 354.)

(Court of Appeals of Alabama. May 10, 1921.)

**1. Habeas corpus ⟪99(3)⟫—Prima facie parent has right to custody.**

Although the welfare of the child is the paramount consideration, there is another rule to the effect that prima facie the right of the parent to the custody of the infant should not be interfered with unless the best interest of the child or children may be manifestly observed by so doing.

**2. Habeas corpus ⟪85(1)⟫—Transfer of child presumed temporary.**

The law presumed that any transfer of the custody by the parent of his child to another is merely a temporary surrender which the parent may terminate and assert his parental rights and reclaim the child at any time when the welfare of the child is not thereby interfered with.

**3. Habeas corpus ⟪99(4)⟫—Parent held fit custodian of child.**

The fact that a parent occasionally became petulant and used improper language in the presence of his children was not a sufficient reason to deny him the rightful custody of his offspring, whom he had temporarily surrendered to another.

Appeal from Probate Court, Chilton County; L. H. Reynolds, Judge.

Habeas Corpus for the custody of an infant child by the parents, T. L. McDonald and Alice McDonald, against the maternal aunt and uncle, H. S. Watkins and Natie Watkins. Judgment awarding the child to the maternal aunt and uncle, and the parents appeal. Reversed and rendered.

Chas. F. Douglas, of Anniston, and Grady Reynolds, of Clanton, for appellants.

Under the facts and the authorities the court erred in its judgment awarding the custody of the infant to the maternal aunt and uncle. 29 Cyc. 1612; 2 Ala. App. 113, 56 South. 873; 16 Ala. App. 606, 80 South. 681; 157 Ala. 659, 47 South. 582; 68 Ala. 299; 134 Ala. 117, 32 South. 750.

A. C. Smith, of Clanton, for appellees.

Counsel insists that, as the testimony was ore tenus, the court will not disturb the judgment, under numerous authorities. Counsel also criticise the authorities cited by appellant, and insists that the judgment was proper.

BRICKEN, P. J. Appellants are the father and mother of Lillian Alice McDonald, an infant, and H. S. Watkins and Natie Watkins (appellees) are the uncle and aunt of said infant; Mrs. Natie Watkins being the sister of Mrs. Alice McDonald, the mother of the infant whose custody is involved in this proceeding.

The evidence discloses that when the infant, Lillian Alice McDonald, was about eight months old, her mother, Mrs. McDonald, became very ill and it was necessary for her to spend several weeks in an infirmary. During the sickness of the mother, the child was taken by Mrs. Watkins to her home in Sylacauga. After the expiration of four weeks Mrs. Watkins carried the baby back to its home, but the mother was still unable to care for it, and she again carried it back home with her. Appellee Mrs. Watkins contends, and so testified, that she stated to appellants that "the only condition upon which she could carry the child back with her was that she was to keep it always." She also testified, however:

"I did not get Mrs. McDonald's consent to take her. I did not take it on Mr. McDonald's consent, but I took it because it needed somebody to take care of it. Mrs. McDonald did not agree for me to take the child the second time. Mrs. McDonald has been in my home one time since I had the child. She stayed two weeks and two days. She was there the last weeks in September of 1918. She told me at this time she would give me this baby, and that I could keep it all the time."

Mrs. Watkins also testified that—

"Mr. McDonald offered and tried to pay for the expenses of the child and had the bills of money in his hands, but I told him I did not want him to pay the expenses."

Appellants both testify that—

"At no time did they ever consent for Mrs. Watkins to keep the baby, and that she promised to bring her back when they wanted her to; and that two weeks prior to the trial of this matter I went and asked them to let me have my child, and they would not."

[1, 2] From these facts, and from the other facts contained in this record, we are constrained to hold that the court committed error in awarding the custody of the child to appellees, and that under the law she should have been awarded to her father and mother, the petitioners.

There are certain recognized principles which necessarily govern the discretion of the courts in cases of this character. These principles appear to be well stated in the case of Black et al. v. Montgomery, 17 Ala. App. 245, 84 South. 308, where this court said:

"Bearing in mind the oft-pronounced rule in cases of this character that the welfare of the child is the paramount consideration, yet we cannot be unmindful of another principle of law, and humane provision, to the effect that prima facie the right of the parent to the custody of the infant should not be interfered with unless, as before stated, the best interest of the child or children will be manifestly observed by so doing. In other words, the welfare of the child or children is the primary considera-

⟪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion, though not always controlling, in deter-mining whether the custody and possession assailed shall be disturbed. Where the controversy is between the parent on the one side and parties bearing no relation by ties of blood or otherwise on the other, as here, the natural ties of affection and sympathy existing between parent and child, though of an inferior race, or lowly condition, must be considered and should not be ignored in determining what is the best interest of the child. Cook et al. v. Echols et al., 80 South. 680. All of which may be said to mean that, all things being equal, the parent should clearly be entitled to the possession and custody of the child or children, unless some good cause is shown why the parent should not be awarded the custody, for the law presumes that the best interest of a child is subserved by the parent having the custody and possession thereof. Montgomery v. Hughes, 4 Ala. App. 245, 58 South. 113. And the law also presumes that any transfer of the custody by a parent of his child to another is merely a temporary surrender (unless the contrary clearly appears), which the parent may terminate and assert his parental rights and reclaim the child at any time when the welfare of the child is not thereby interfered with."

[3] The evidence in this case discloses without dispute that appellant McDonald is an industrious man, and earns regularly a sufficient income to properly care for his family, and that he provides well for them. The evidence without dispute shows also that appellant (the father) is the owner of considerable real estate, and nowhere is it shown that he is not able, ready, and willing to properly care for the child in question. The fact that he occasionally becomes petulant and uses improper language in the presence of his children at times is not a sufficient reason, in our opinion, to deny him the rightful custody of his own offspring. Bryan v. Bryan, 34 Ala. 516; L. & N. R. R. Co. v. Hall, 131 Ala. 169, 32 South. 603; Montgomery v. Hughes, 4 Ala. App. 245, 251, 58 South. 113.

Under the principles of law herein stated, coupled with the facts as shown by the record, the order of the probate court is reversed, and an order here rendered granting the prayer of the petitioners and awarding the said infant, Lillian Alice McDonald, to the custody of her father and mother.

Reversed and rendered.

---

⊂═◯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes