(89 South. 861)

### CARTER v. CARTER.    (3 Div. 402.)

(Court of Appeals of Alabama.    June 14, 1921.)

**1. Habeas corpus ⬤➡99(3)—In questions of the custody of minors, the child's welfare is first considered.**

Primarily the father is regarded as the head of his family, and as such the child is committed to his care, even to the exclusion of the mother or third person; but in questions of custody of minor children, the welfare of the child is first considered in determining the best interests of the child.

**2. Habeas corpus ⬤➡99(3)—Facts held to sustain finding giving 14 months old child to mother.**

Facts *held* to show that the best interests of a fourteen months old child would be served by awarding custody to its mother.

**3. Appeal and error ⬤➡1012(1)—Findings not disturbed unless plainly against weight of testimony.**

Where trial was before the court without a jury, and the evidence was ore tenus, or partly so, the findings of the trial court will not be disturbed unless the conclusion is plainly contrary to the great weight of testimony.

Appeal from Probate Court, Autauga County; M. A. Graham, Judge.

Petition by Leonard Carter, by habeas corpus, to recover the custody of a minor child, directed to Etta Carter, the mother. From an order denying the petition, petitioner appeals. Affirmed.

---

Guy Rice, of Prattville, for appellant.

The father is the head of the family and entitled to the possession of the children. 31 Ala. 425; 134 Ala. 317, 32 South. 659, 92 Am. St. Rep. 35. The primary consideration is the best interest of the child. 166 Ala. 351, 52 South. 310; 2 Ala. App. 461, 56 South. 589; 4 Ala. App. 235, 57 South. 124; 68 Ala. 299; 139 Ala. 231, 35 South. 848; 168 Ala. 240, 53 South. 262.

Alexander & Tucker, of Prattville, for appellee.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The parties to this proceeding are the parents of Jesse Lee Carter, a boy child about 14 months old. For several months appellant and appellee have been living separate and apart from each other, and the child in question has been with its mother during this period of time.

This is an action of habeas corpus by appellant, to recover the custody of the infant in question, the petition being filed with and the cause heard and determined by the probate court of Autauga county, who, after hearing the testimony, denied the writ and awarded the custody of the child to the mother.

[1] Primarily a father is regarded as the head of his family, and as such the law commits his children to his charge, even in preference to the mother or other person. But this rule cannot be made to controvert the main inquiry always involved in cases of this character, the inquiry being the welfare of the child in question, and the courts trying issues of this sort must always do so with a view to the best interest of the child or children involved.

[2] In the instant case it seems to appear conclusively that the best interests of this child is to let it remain in the possession of its mother. It appears that the child is sick, and only 14 months old, and that the mother is young, and able and willing to work and care for it, and in addition thereto, under its present environments the infant is receiving, and will continue to receive, the loving and tender care of its maternal grandmother and grandfather, the latter who testified, among other things, that, while he is not a wealthy man, still he can and will take care of the child in question as long as it is permitted to remain with its mother at his home. It appears from the record that, of all the parties involved, this grandfather is in decidedly better condition, from a standpoint of worldly possessions, to provide for the child than is the father, who, it would appear, owns no property and would have to arrange with his sister or some one to look after the child while he is absent. It is true that some of the witnesses were permitted to testify to conclusions and give their opinions to the effect that the best interests of the child would be with its father; and there was similar evidence to the contrary, several testifying that the child's best interests would be subserved by leaving it with the mother. Evidence of this character as a rule carries with it but slight probative force, for the personal friend of the one party or the other might be induced to so testify because of the bias caused by such friendship. Facts as a rule should govern in the determination of so important a question as the one presented here, and the facts adduced upon the trial of this cause appear fully to warrant the conclusion reached by the trial court.

[3] Moreover, in this case, as in all cases where the trial is had by the court without a jury, and where the evidence was ore tenus or partly so, the judgment or findings of the trial court will not be disturbed unless the conclusion reached by the court, so sitting, is plainly contrary to the great weight of the testimony. McCay v. Parks, 201 Ala. 647, 79 South. 119.

The conclusion here reached and the reasons therefor are sustained in the cases of Black et al. v. Montgomery, 84 South. 308;[1] Cook v. Echols, 16 Ala. App. 606, 80 South. 680; Montgomery v. Hughes, 4 Ala. App. 245, 58 South. 113; Gamble v. Cotton, 17 Ala. App. 110, 82 South. 558.

The judgment appealed from is affirmed.

Affirmed.