(93 South. 209)

### LINDSEY v. BROWN. (I Div. 471.)

(Court of Appeals of Alabama. May 9, 1922. Rehearing Denied June 13, 1922.)

Habeas corpus ☞99(7) — Child's custody awarded to person not relative, where home conditions much better.

Where a child was 6 years old, one of 9 living children, the oldest being 11 years old, the father being a blind pauper, and the mother without means of support, although hard-working, and the entire family depending on her labor and charity, and all 11 of the family living crowded together in a small one-room cabin, the custody of such child would, on habeas corpus by the mother, be awarded, not to her, but to defendant, to whom the mother had given the child some months prior to the habeas corpus proceeding, and with whom the child had a good home; the defendant and her husband having no children and being industrious and prosperous.

Appeal from Probate Court, Monroe County; M. M. Fountain, Judge.

Habeas corpus by Sallie Bell Brown to obtain from Ima Lindsey the possession of Ora D. Brown, daughter of the petitioner. From a judgment granting the writ, and awarding the custody of the child to the petitioner, respondent appeals. Reversed and rendered.

Hybart & Hare, of Monroeville, for appellant.

Having due regard for the force and effect of family ties, the evidence clearly disclosed that the best interest of the child is that she remain with her foster mother, and therefore the court erred in the judgment rendered. 17 Ala. App. 245, 84 South. 308; 2 Ala. App. 461, 56 South. 589; 17 Ala. App. 480, 86 South. 150.

L. S. Biggs, of Monroeville, for appellee.

The trial court had the witnesses before it, and there was ample evidence to justify the judgment. 17 Ala. App. 245, 84 South. 308; 16 Ala. App. 606, 80 South. 681; 4 Ala. App. 245, 58 South. 113.

MERRITT, J. Under the evidence in this case we are fully persuaded that the welfare of the child will be best promoted by leaving its custody and care with the appellant, and in so deciding we are not unmindful of that which has so often been declared by this court and the Supreme Court that:

"Where the controversy is between the parent on the one side, and parties bearing no relation by ties of blood or otherwise on the other, * * * the natural ties of affection and sympathy existing between parent and child, though of an inferior race or lowly condition, must be considered, and should not be ignored, in determining what is the best interest of the child." Black v. Montgomery, 17 Ala. App. 245, 84 South. 308; Cook v. Echols, 16 Ala. App. 606, 80 South. 680.

The child in question is 6 years old, being one of 9 living children, the oldest being 11 years old. The father of these children is blind, being a pauper, while the mother is shown to be a hard-working woman, but with no means of support; the entire family being dependent on this woman's labor and public charity for support. All 11 of this family are crowded together and live in a small one-room log cabin.

Some months before the filing of the petition in this case, the child was given by its mother to the appellant, where presumably she has been well cared for, as she so states, and the evidence indicates. Appellant and her husband have no children, they own their own home, bear splendid characters in the community, are industrious and hard-working, are able to educate and support the child, and there is every indication, from the testimony, that the child is fortunate in having such a home open to her, and, being so thoroughly convinced of the wisdom of this ruling from the testimony, we have no hesitancy in awarding her custody to appellant; and it is so ordered and declared as the judgment of this court.

The judgment of the judge of probate, awarding the custody and control of the child to petitioner, is reversed, and one here rendered, awarding the custody and control of the child, Ora Dee Brown, to appellant. Reversed and rendered.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes