## MORRIS v. MORRIS.   (1 Div. 490.)

(Court of Appeals of Alabama.   May 8, 1923.)

1. Parent and child ⊂⊃2(2)—In awarding custody of child, court's discretion must be governed by recognized principles.

The court has the right to deny the father the custody of his child and award its possession to the child's grandparents or to some other suitable person, but the court's discretion must be governed by recognized principles.

2. Parent and child ⊂⊃2(2)—Parent entitled to custody of child, unless good cause shown.

Parental affection in most instances will afford to the child the tenderest care and highest protection, and a parent is entitled to the custody, unless some good cause is shown, and the parent's superior right should not be disturbed, unless manifestly to the child's best interest.

3. Habeas corpus ⊂⊃85(1) — Presumed that child's best interests are preserved by affectionate parent.

It is presumed that the best interests of a child will be preserved by an affectionate parent.

**4. Parent and child ☞2(2)—Awarding custody of child to grandparents, where father was suitable person, held error.**

Where the father was a suitable person to have the care and custody of his child but the mother was not, the custody of the child should have been awarded to the father and not to the maternal grandparents.

Appeal from Circuit Court, Monroe County; M. M. Fountain, Judge.

Petition by John T. Morris for writ of habeas corpus to Bettie A. Morris, for the custody of two minor children. From a judgment awarding custody of only one of the children, petitioner appeals. Affirmed in part, and reversed and rendered in part.

L. S. Biggs, of Monroeville, for appellant.

The father is presumed to be the proper person for the custody and control of his children, unless it is shown he is an unfit person. Kirkbride v. Harvey, 139 Ala. 231, 35 South. 848.

Hybart & Hare, of Monroeville, for appellee.

No brief reached the Reporter.

FOSTER, J. This is a petition by John T. Morris, appellant, for the custody of his two children, Thomas Morris, four years of age, and Henry Morris, two years of age, who were in the possession of his wife, Bettie A. Morris, appellee. Appellant and appellee had been married for about eight years prior to the filing of the petition, and the last several years of their married life had been unhappy, and had been attended with quarrels and other domestic troubles with numerous contributing causes thereto. The appellee left the home of the appellant, taking with her the two children, just a few days before he filed this petition, and on the day she left there was a serious personal difficulty between her and her husband, he claiming that she shot at him twice with a high-powered rifle. At the time of the filing of this petition she was living with her parents, Mr. and Mrs. Durden, in Monroe county.

A detailed discussion of the evidence can serve no good purpose. The trial judge heard all of the evidence and had the opportunity of observing the witnesses as they testified. The trial court was not in error in holding in effect that John T. Morris, the father, was a fit person, and that Bettie A. Morris, the mother, was not a suitable person to have the care and custody of the children. The custody of the older child, Thomas Morris, was awarded to his father, the appellant, and the custody of the younger child, Henry Morris, to W. L. Durden and Fronie Durden, the maternal grandparents of the children.

There is nothing in the evidence to show that the maternal grandparents could offer Henry Morris any peculiar advantages over his father, John T. Morris. The evidence shows that John T. Morris was a man of good reputation, was a hard worker, and owned his farm. Likewise does the evidence show that Mr. and Mrs. Durden were able to make provision for the physical needs of Henry Morris, and there is nothing in the evidence that in any way reflects on the character of Mr. or Mrs. Durden.

[1] The court has the right to deny the father the custody of his child and award its possession to the child's grandparents or to some other suitable person, but "there are certain recognized principles which must govern the discretion of the court in such cases." Montgomery v. Hughes, 4 Ala. App. 245, 58 South. 113.

[2] The family is the unit of social organization, and children should be in the custody and control of those who are immediately responsible for their being. Parental affection in most instances will afford to the child the tenderest care and the highest protection in the years of its helplessness. Black v. Montgomery, 17 Ala. App. 245, 84 South. 308.

[3] The parent is entitled to the care and custody of his child, unless some good cause is shown why he should not have such custody. This superior right of the parent should not be disturbed unless it is manifestly to the child's best interest. It is a natural as well as a legal presumption that the best interest of a child will be preserved by an affectionate parent.

[4] John T. Morris, the father, was shown by the evidence to be a suitable person to have the care and custody of his children, and Mrs. Bettie A. Morris, the mother, was not. The custody and control of Henry Morris should have been awarded to his father, the appellant, and not to the maternal grandparents, Mr. and Mrs. Durden. Cook v. Echols, 16 Ala. App. 606, 80 South. 680; McDonald v. Watkins, 18 Ala. App. 131, 89 South. 306; Black v. Montgomery, 17 Ala. App. 245, 84 South. 308; Montgomery v. Hughes, 4 Ala. App. 245, 58 South. 113.

The decree of the lower court is affirmed, in so far as it awards the custody of Thomas Morris to his father, the appellant, and reversed in so far as it awards the custody of the child, Henry Morris, to his maternal grandparents, and a decree here rendered granting the prayer of the petitioner.