(104 So. 525)

**POWELL v. JOHNSON.** (6 Div. 325.)

(Supreme Court of Alabama. May 28, 1925.)

**1. Habeas corpus ⟨key⟩14—Custody of infants may be determined on petition for habeas corpus.**

Custody of infants, though matter of inherent chancery jurisdiction, may be determined on petition for habeas corpus.

**2. Parent and child ⟨key⟩2(3)—Best interest of child controlling factor in determining custody.**

In determining who should have custody and control of an infant, present and future welfare and best interests of child should be controlling factor.

**3. Parent and child ⟨key⟩2(4)—Decree, taking child from putative grandmother, who had reared it, and giving it to mother, sustained.**

In action by mother for custody of illegitimate child of eight against the putative father's mother, who had reared it from tender years, evidence held to sustain decree giving custody to mother as being in its best interests, notwithstanding child testified that it wished to live with defendant, and knew no other mother.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Habeas corpus proceeding by Octavia Johnson against Georgia Powell, for recovery of possession of a child. Judgment for petitioner, and respondent appeals. Affirmed.

Goodwyn & Ross, of Bessemer, for appellant.

In awarding custody of a child, the welfare of the child is the controlling consideration. Saunders v. Saunders, 166 Ala. 315, 52 So. 310; Brown v. Brown, 2 Ala. App. 461, 56 So. 589; Kirkbride v. Harvey, 139 Ala. 231, 35 So. 848; Harrist v. Harrist, 151 Ala. 656, 43 So. 962. A parent, who has in effect given a child away or abandoned it, has forfeited any prior claim or right to its possession. Children's Aid Soc. v. Davis, 211 Ala. 344, 100 So. 326.

Benton & Bentley, of Bessemer, for appellee.

Custody of infants may be invoked by petition for habeas corpus. Thomas v. Thomas, 212 Ala. 85, 101 So. 738. The present and future welfare of the child should control. Lewis v. Crowell, 210 Ala. 199, 97 So. 691; Neville v. Reed, 134 Ala. 317, 32 So. 659, 92 Am. St. Rep. 35; Carter v. Carter, 18 Ala. App. 186, 89 So. 861. Children are not subject to disposition as chattels. Montgomery v. Hughes, 4 Ala. App. 245, 58 So. 113; McDonald v. Watkins, 18 Ala. App. 131, 89 So. 307.

THOMAS, J. The petition was for habeas corpus by the mother to recover possession of a child.

The appellee is the mother of Sammie Lee Powell, who is about 8 years old. When this child was about eight months old, its mother, who lived at Bessemer, let the child go to Georgia Powell, who lived with her husband and family on a farm near Eutaw, in Green county. The child was carried to the home of appellant by one Lucy Reynolds. There is a tendency of evidence to the ef-

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fect that Henry Powell, the son of appellant, is the putative father of said child. The appellant took the child on its reaching her home, and has had her for about seven years. At the time the child went to the home of appellant, petitioner was an unmarried woman, making her support as best she could, without any assistance, financial or otherwise, from the putative father. The appellee married, for the first time in the month of January, 1924, and, from the time of her marriage, and the time she established a home of her own, endeavored to get her child, and in November of that year filed writ of habeas corpus for the possession of her own child, after the appellant had failed and refused to deliver the child to her.

The evidence showed that Georgia Powell is an aged woman, living with her husband and family on a farm some distance from Eutaw, where her husband is a tenant. The evidence further showed that petitioner, the mother of the said child, is married and living in a good and comfortable home with her husband, who has a regular and lucrative employment. It further showed that both the appellee and her husband are of good character, attend church, are good housekeepers, and both of them are desirous of having the custody of this minor child; that they have a good home in which to rear the child, adjacent to churches and schools; and that they are in every respect ready, able, and willing to take the child and rear it and give it the advantages to which it is entitled. It is true that the child, when examined before the court, stated that it wished to live with the appellant, and that it knew no mother other than the said grandmother, a natural fact, under the circumstances. This is not the case presented in Children's Aid Soc. v. Davis, 211 Ala. 344, 100 So. 325.

[1, 2] The custody of infants, though a matter of inherent chancery jurisdiction (McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674), may be invoked by petition for habeas corpus. Harrist v. Harrist, 151 Ala. 656, 43 So. 962. The present and future welfare and best interests of the child should be the controlling factor in determining who should have custody and control of an infant. Lewis v. Crowell, 210 Ala. 199, 97 So. 691; Harrist v. Harrist, supra; Kirkbride v. Harvey, 139 Ala. 231, 35 So. 848; Neville v. Reed, 134 Ala. 320, 32 So. 659, 92 Am. St. Rep. 35; Ex parte Boaz, 31 Ala. 427; Carter v. Carter, 18 Ala. App. 186, 89 So. 861.

[3] We are impressed that the benefits which would accrue to the child by its being in the custody of the mother would or should offset any disappointment that will come to the putative grandmother by taking her away and giving the possession of the child to the mother. The grandmother is to be commended for her care and attention given the infant in its tender years, yet the future best interests of Sammie Lee Powell are, under the evidence in accord with the decree rendered in the premises.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.