# Martin Machine Works *v.* Miller.

### *Statutory Action of Detinue.*

[Decided June 17, 1902.]

1. *Appeal; when motion to dismiss for default in filing transcript should be made.*—A motion to dismiss an appeal in the Supreme Court because the transcript was not filed within the time prescribed by law, in order to be available must be

made on or before the next Thursday after the default in filing.

2. *Same; motion to dismiss appeal when properly overruled.*—The giving of an appeal bond makes effective the taking of an appeal; and when executed within a year after the rendition of judgment, delay in giving notice of the appeal, if not shown to have been caused by reason of the appellant's fault, or to have been caused otherwise than by the failure of the officers of the court to perform the duties required by the statute, does not constitute a ground for dismissing the appeal or striking the assignments of error.

3. *Detinue; evidence as to execution of conveyance by corporation; admissibility thereof; authority therefor can be shown by parol evidence.*—In an action of detinue, where the plaintiff claims title to the property sued for by a transfer from a corporation, and the witness has testified to the execution of said conveyance by the officers of the corporation, the further statement of said witness that the officers of said corporation "were duly authorized to execute said conveyance by a vote of said corporation at a meeting called for that purpose," should not be excluded on the ground that the statement was not the best evidence of the fact testified to; there being nothing in the statement itself, nor in any of the evidence which suggested or raised any presumption that there was in existence any written evidence of the vote referred to; and in the absence of any prohibition by its charter, the vote of the corporation, conferring authority upon the agent to execute the conveyance of personal property, being provable by parol.

4. *Detinue; when general affirmative charge improperly given.*—In an action of detinue, where the plaintiff claims title to the property sued for under a conveyance from a corporation, and there is evidence tending to prove the plaintiff's purchase of the property, its right to the possession of the same and the defendant's refusal to deliver it upon demand made prior to the commencement of the suit, and there was conflict in the evidence as to the matter set up by special pleas, the general affirmative charge requested by the defendants is improperly given.

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. GESNER WILLIAMS, Special Judge.

This was a statutory action of detinue, brought by the appellant, the Martin Machine Works, against the appellee, F. J. Miller, to recover the possession of an engine, boiler and fixtures. The defendant pleaded non-detinet, and by special plea set up that after the purchase of the machinery sued for, the plaintiff and the defendant rescinded the contract of sale and plaintiff agreed to surrender the defendant the notes given for the purchase of said machinery and to take back the machinery, but that when plaintiff demanded the machinery, it refused to surrender the defendant's notes.

It was shown by the evidence introduced that the Progress Manufacturing Co. sold to the defendant the machinery involved in this suit, and for the purchase price thereof took two notes executed by the defendant, each of which recited that it was given for the purchase price of the machinery, and stipulated that the title of said machinery remained in the Progress Manufacturing Co. until the notes were fully paid, and that said notes were not paid. It was further shown by the evidence that the Progress Manufacturing Co. had sold and conveyed all of it rights, franchises, property and assets, including accounts, &c., to the plaintiff, the Martin Machine Works, and that the notes executed by the defendant were endorsed by the Progress Manufacturing Co. to the Martin Machine Works. The other facts adduced in evidence necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court, at the request of the defendant, gave the general affirmative charge in its behalf, to the giving of which charge the plaintiff duly excepted. There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

The trial of this case was had on March 21, 1900. The bill of exceptions was signed, as recited, "in open court in term time," on March 28, 1900. The appeal

bond was given on July 9, 1900. The citation of appeal
was issued on May 6, 1901, and was executed on the
same day. The certificate of appeal was signed by the
clerk of the court on May 6, 1901. The transcript was
filed in the office of the Clerk of the Supreme Court
May 11, 1901.

The cause was submitted in the Supreme Court upon
the merits, and on the motions to dismiss the appeal,
and to strike out all the assignments of error upon the
following grounds: 1. That the judgment was ren-
dered more than twelve months before the appeal was
taken. 2. That the transcript was not filed in the
proper time. 3. Because the judgment was rendered
by the Circuit Court in this cause on March 21st, 1900,
the citation of appeal was served on May 6, 1900, the
appeal bond was approved on July 9, 1900, and yet the
transcript was not filed in the Supreme Court until May
11, 1901, more than twelve months after the appeal
was taken.

W. F. GLOVER, for appellant.—The appeal is taken
when the appeal bond is filed and approved and the
issue of a citation is not necessary to give it efficacy.
*Kimbrell v. Rogers*, 90 Ala. 339. The appeal was not
taken until July 9, 1900, which was within twelve
months from the rendition of the judgment in March
1900,—Code, § 436. The appeal being perfected, its
course is controlled by rules of law applicable to the
Supreme Court.—Code, §§ 452, 454.

The evidence that said officers were duly authorized
to execute said conveyance by a vote of said corpora-
tion in a meeting called for that purpose, being ruled
out by the court on the ground that is was secondary
evidence and no predicate was laid for its introduc-
tion, was an erroneous ruling of the court, as it was
a collateral fact, to establish the issue, and was not sub-
ject to the objection made.—72 Ala. 221; 76 Ala. 42.

TAYLOR & ELMORE and C. R. GIVAN, *contra*.

[Martin Machine Works v. Miller.]

SHARPE, J.—This appeal was taken in vacation to the Supreme Court term next following. The transcript was not filed within the time prescribed by law but was filed before the expiration of the term. The motion to dismiss the appeal was not made on or before the next Thursday after the default in filing, and therefore is not within the provision of rule 45 of Supreme Court practice, which is to effect that for default in filing a transcript as therein required the appeal "may, in the discretion of the court, be dismissed on motion of appellee, if made not later than the next Thursday."—*Street v. Street,* 113 Ala. 333. The giving of the appeal bond effected the appeal within the year allowed for appealing, and it not appearing that the delay which occurred in giving notice of the appeal was due to appellant's fault or to cause other than the failure of the officers to perform the duties required by the statute, such delay will not be treated as a ground for dismissing the appeal or for striking out the assignments of error.—*Kimbrell v. Rogers,* 90 Ala. 339.

Plaintiff claimed to have obtained title to the machinery sued for from the Progress Manufacturing Company, a private corporation. It was proven by the deposition of a witness and without dispute that the latter corporation had made a conditional sale of the machinery to defendant, the transaction being evidenced by defendant's notes for purchase money wherein there was an express reservation to the vendor of title together with the right to take possession of the property in case of default, and that the notes were not paid. In the deposition is the following among other statements of the witness: "The Progress Manufacturing Company is no longer in existence. It has been succeeded by the Martin Machine Works, which concern bought out all the property and assets of every kind owned by the Progress Manufacturing Company. It still owns all the assets of the Progress Manufacturing Company." There was exhibited in and introduced as part of the deposition a writing purporting to be a transfer to the plaintiff from the Progress Manu-

facturing Company, and the witness, after testifying to the execution of that instrument by officers of the corporation, deposed further that "said officers were duly authorized to execute said conveyance by a vote of said corporation in a meeting called for that purpose." This latter statement was excluded on motion based upon the ground that the statement was not the best evidence of the matter stated. This ruling was erroneous, for the reason that there is nothing in the statement itself nor in any of the evidence which suggests or raises any presumption that there was in existence written evidence of the vote referred to. In the absence of any charter prohibition a vote of a private corporation to confer authority on an agent to execute a conveyance of personal property may or may not be evidenced by writing, and when not shown to be so evidenced may be proved orally.—*Morrill v. Segar, etc. Co.,* 32 Hun. (N. Y.), 543; *Moss v. Averill,* 10 N. Y., 454; *Bank v. Dandridge,* 12 Wheaton, 64; *Preston v. Missouri, etc. Co.,* 51 Mo. 403. See also Cook on Stockholders, § 714.

But apart from the evidence excluded, there was in the remainder of the deposition, evidence introduced without objection, tending to prove plaintiff's purchase of the property, its right to possession of the same and of defendant's refusal to deliver it on demand made prior to commencement of the suit; and as to matters set up in the special pleas there was conflict in the evidence. Under such conditions the charge given at defendant's request invaded the jury's province.

It will be ordered that the motion to dismiss the appeal and to strike assignments of error be overruled, that the judgment be reversed and that the cause be remanded.