(87 South. 797)

### BOLEN v. BOLEN et al. (6 Div. 58.)

(Supreme Court of Alabama. Dec. 16, 1920.)

1. Homestead ⬅️81 — Land held, not homestead of husband so as to be subject to alimony.

Where a vendee resold his equity to vendor before his marriage was contemplated, wife in divorce suit cannot subject the land to payment of alimony and counsel fees on theory of homestead, though last payment on repurchase was made after marriage and husband was holding land as tenant at will.

2. Appeal and error ⬅️1010(1)—Finding supported by evidence not disturbed.

Finding of court on evidence taken ore tenus will not be disturbed on appeal, where there was sufficient evidence to support the finding.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Bill by Arizona Bolen against A. B. Bolen and A. R. Thomas, for divorce and alimony against A. B. Bolen, and to subject certain lands claimed to be the homestead of the husband and wife to the payment of alimony and attorney's fee; it being alleged that A. B. Bolen and his son-in-law had conspired together to defeat any decree complainant might obtain by A. R. Thomas claiming the lands. The court decreed alimony and attorney's fee to the complainant, but further decreed that both the legal and equitable title to the land was in Thomas and was not subject to the payment of the alimony and attorney's fee, and dismissed the bill so far as it referred to Thomas and the land, and from this decree complainant appealed. Affirmed.

P. E. Culli, of Gadsden, for appellant.

Any conveyance of property made with intent to defeat alimony is void and may be set aside by the wife, although the conveyance was made prior to the divorce proceedings. 20 Cyc. 431; 14 Cyc. 798; 11 Gray (Mass.) 258, 71 Am. Dec. 711; 7 Md. 537, 61 Am. Dec. 375; 8 S. D. 198, 65 N. W. 1075, 59 Am. St. Rep. 761. See, also, 219 Ill. 146, 76 N. E. 86, 109 Am. St. Rep. 316; 134 Iowa,

75, 108 N. W. 762, 9 L. R. A. (N. S.) 955, 120 Am. St. Rep. 412, 13 Ann. Cas. 101; 28 Ind. App. 9, 62 N. E. 100, 91 Am. St. Rep. 107.

Russell & Johnson, of Oneonta, for appellees.

No brief reached the Reporter.

ANDERSON, C. J. [1, 2] The undisputed evidence shows that Thomas, one of the appellees, had the legal title to the land, but the other appellee, A. B. Bolen, at one time had an equitable claim to same, having been put in possession and paid Thomas all, or part, of the purchase money. The respondent's evidence, however, showed that several years before A. B. Bolen married this complainant, he resold or surrendered his equity in the land to the said Thomas for a valuable consideration and was in the possession of the land, not as owner, but at will of Thomas. In other words, he had no such interest, legal or equitable, in the land as would enable him or his wife to successfully assert a claim to the same as a homestead or otherwise. It is true, the last payment to Bolen under the repurchase was not made until after he had married this complainant, but the respondent's evidence shows that the last trade was made long before the marriage and in all probability before it was ever contemplated. The evidence was taken ore tenus, the trial court saw and heard the witnesses, and there was sufficient evidence to support its conclusion and finding to prevent a disturbance of same by this court under the well-recognized rule so frequently announced and followed in cases where the trial court had the advantage over this court of seeing and hearing the witnesses. Fitzpatrick v. Stringer, 200 Ala. 574, 76 South. 932, and other cases there cited.

The decree of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

---

(87 South. 434)

### JORDAN v. STATE. (4 Div. 900.)

(Supreme Court of Alabama. Dec. 16, 1920.)

Certiorari to the Court of Appeals.

Petition by Robert Jordan for certiorari to the Court of Appeals to review a judgment of conviction for receiving stolen goods. Writ denied.

McDowell & McDowell, of Eufaula, for appellant.

J. Q. Smith, Atty. Gen., for the State.

McCLELLAN, J. Petition of Robert Jordan for certiorari to the Court of Appeals to review and revise the judgment of said court, rendered on the appeal of Robert Jordan v. State, 17 Ala. App. 575, 87 South. 433. Writ denied.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes