(97 South. 691)

### LEWIS v. CROWELL. (2 Div. 818.)

(Supreme Court of Alabama. Oct. 11, 1923.)

1. **Bastards 1, 16—Children of parents cohabiting as husband and wife, without having been divorced from living spouses, are bastards.**

Children of parents living together as husband and wife, without having been divorced from living spouses, are bastards, whom the father is not obligated to support, in the absence of a statute requiring it; there being no common-law marriage.

2. **Parent and child 2(3)—Welfare of children controlling in determining custody and control.**

The present and future welfare of children should control in determining who shall have their custody and control.

3. **Bastards 15—Putative father of bastards entitled to custody and control, if competent and suitable, and childrens' best interest will be secured.**

The putative father of bastards is entitled to their custody and control, as against all but the mother, if competent and suitable, and their best interest will be thereby secured.

4. **Habeas corpus 113(12)—Probate judge's decree on oral evidence in proceedings for custody of children not disturbed, unless plainly contrary to weight of evidence.**

In habeas corpus proceedings for the custody and control of children, the probate judge's decree on oral evidence should not be disturbed, unless plainly contrary to the great weight thereof; he having seen, heard, and observed the demeanor of the parties on the stand.

Appeal from Probate Court, Sumter County; P. B. Jarman, Judge.

Petition of Jonas Crowell for writ of habeas corpus directed to Will Lewis. From a decree awarding the writ, defendant appeals. Affirmed.

James A. Mitchell, of Birmingham, and Patton & Patton, of Carrollton, for appellant.

As to its father, an illegitimate child is nullius filius. Ward v. Mathews, 122 Ala. 188, 25 South. 50; Butler v. Land Co., 84 Ala. 384, 4 South. 675. The welfare of the child is the controlling consideration in determining its custody. Neville v. Reed, 134 Ala. 317, 32 South. 659, 92 Am. St. Rep. 35; 14 R. C. L. 271.

John Altman, of Birmingham, and Thos. F. Seale, of Livingston, for appellee.

If the mother be dead, the father has the right to the custody and control of an illegitimate child. 3 A. & E. Ency. L. (2d Ed.) 888; 5 Cyc. 637; Aycock v. Hampton, 84 Miss. 204, 36 South. 245, 105 Am. St. Rep. 424, 65 L. R. A. 689; Allison v. Bryan, 21 Okl. 557, 97 Pac. 282, 18 L. R. A. (N. S.) 931, 17 Ann. Cas. 468.

MILLER, J. This is a proceeding commenced by petition for writ of habeas corpus to determine the custody and control of two children, one a girl three years old and the other a boy five years of age. It was commenced in the probate court by Jonas Crowell against Will Lewis. The court, by decree on hearing the cause, directed that Will Lewis deliver the two children to Jonas Crowell, the petitioner, and that he was entitled to the custody and control of them. This appeal is prosecuted by Will Lewis from that decree, and it is assigned as error.

Lucy Smith, the mother of the two children, is dead. Jonas Crowell, the petitioner, is the putative father of the children, and Will Lewis, the defendant and appellant, is the brother of their mother.

[1] Jonas Crowell and Lucy Smith for many years prior to her death lived together as husband and wife, but during this time Jonas had a living wife, from whom he had never been divorced, and Lucy had a living husband, from whom she had never obtained a divorce. These two children were born while Jonas and Lucy were living together; and it appears from the evidence that Jonas was recognized as their father. As one had a wife and the other a husband living at that time, and no decree of divorce dissolving the former marriage had ever been rendered by a court of competent jurisdiction, they could not be husband and wife under a common-law marriage. Baccus v. Eads, 209 Ala. 578, 96 South. 757; Potier v. Barclay, 15 Ala. 439. These children are bastards, illegitimate children, and the father is under no legal obligation to support them in the absence of a statute requiring it. Simmons v. Bull, 21 Ala. 501, 56 Am. Dec. 257.

[2] In proceedings of this kind for the custody and control of children, the court must determine and decide what is best for their benefit and welfare. The present and future welfare and interest of the children should control the conscience and direct the decree of the court in determining who shall have their custody and control. Neville v. Reed, 134 Ala. 320, 32 South. 659, 92 Am. St. Rep. 35; Ex parte Boaz, 31 Ala. 427.

[3] Here the brother of the mother and the half-sister of the children desire to keep, rear, and control them. From the evidence they are financially better able to do so than their father. It is evident that the petitioner is their father; they lived with him and

their mother until her death; and he seeks their custody and control. While he has no property, it appears he can and did by his labor support and care for them and their mother; and there is evidence showing him to be a suitable person to have them.

The putative father of bastards, desiring the custody and control of them, is entitled to it against all but the mother, if competent to care for and suitable to take charge of them; and if it appears from the evidence that the best interest and welfare of the children will be thereby secured. 5 Cyc. p. 637, headnote 64; Neville v. Reed, 134 Ala. 320, 32 South. 659, 92 Am. St. Rep. 35.

[4] All of the witnesses were examined orally in the presence of the judge of probate. He saw the petitioner, the brother of the mother, and the half-sister of the children, who seek their custody; and also heard them testify, and observed their demeanor on the stand. His decree, when the evidence is oral, should not be disturbed, unless plainly contrary to the great weight of the evidence. Bolen v. Bolen, 205 Ala. 114 (headnote 2) 87 South. 797. There is ample evidence to sustain the decree giving the children, their custody and control, to their illegitimate father. It does not appear to us to be wrong, and it is sustained by the weight of the evidence. We are therefore of the opinion and hold that the decree granting the application of the petitioner should be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.