(107 So. 840)

**FINDLEY v. JONES et al.** (3 Div. 748.)

(Supreme Court of Alabama. March 25, 1926.)

**1. Appeal and error ⬅️1078(1).**

Errors assigned, but not urged and argued in brief, will be considered waived on appeal.

**2. Parent and child ⬅️2(2).**

Custody of infant will not be taken from parents except for gross misconduct or lack of capacity or means for properly nurturing and training child.

**3. Parent and child ⬅️2(3).**

Present and future welfare and interest of child should control court in determining custody, control, and care of it.

**4. Habeas corpus ⬅️113(12).**

In habeas corpus for custody of child, finding as to best interest of child will not be disturbed, unless plainly contrary to great weight of evidence.

**5. Habeas corpus ⬅️85(1)—Best interest of child of 12 held to warrant award of custody to aunt and her husband, who had reared it practically from birth, rather than to mother and stepfather.**

In habeas corpus by mother for custody of child over 12, reared from infancy by mother's sister and her husband, finding that it would be to best interest of child to remain with the sister and husband *held* sustained by evidence.

Appeal from Probate Court, Conecuh County; S. P. Dunn, Judge.

Petition for habeas corpus by Francis Findley against Otto Jones and another. From a decree denying the writ, petitioner appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Hybart, Hare & Dickey, of Evergreen, for appellant.

Counsel argue for error in the decree and cite Montgomery v. Hughes, 58 So. 113, 4 Ala. App. 245; Cook v. Echols, 80 So. 680, 16 Ala. App. 606; Gamble v. Cotton, 82 So. 558, 17 Ala. App. 110; Black v. Montgomery, 84 So. 308, 17 Ala. App. 245.

Hamilton & Jones, of Evergreen, for appellees.

Brief of counsel did not reach the Reporter.

MILLER, J. This proceeding was commenced by Francis Findley against Otto Jones and Johnnie Jones, by petition addressed to the judge of probate for writ of habeas corpus, to secure possession, custody, and control of her child, Howard Hodges, a minor. The judge of the probate court on the hearing, from the evidence, held that it was for the best interest of the child to remain in the custody of the respondents, denied the petition, and decreed that the child remain in the custody of Otto Jones and Johnnie Jones, the respondents. This appeal is prosecuted by the petitioner from that decree.

[1] Many errors are assigned, but the only error really urged and pressed in argument is this decree of the court. In causes like this, errors assigned, but not urged and argued in brief by the appellant, will be con-

sidered waived, and the errors argued will be treated on appeal. Carter v. Gaines, 87 So. 109, 204 Ala. 640, headnote 6; Ga. Cotton Co. v. Lee, 72 So. 158, 196 Ala. 599, headnote 12.

The child, Howard Hodges, a minor, now about 12 years of age, is the son of Francis Findley, the petitioner. He is a nephew of the respondents; Johnnie Jones being a sister of the petitioner.

[2] This court, in Striplin v. Ware, 36 Ala. 89, correctly stated:

"So strong is the presumption, that 'the care which is prompted by the parental instinct, and responded to by filial affection, is most valuable of all,' and so great is the reluctance of the court to separate a child of tender years from those who according to the ordinary laws of human nature, must feel the greatest affection for it, and take the deepest interest in its welfare, that the parental authority will not be interfered with, except in case of gross misconduct, or where, from some other cause, the parent wants either the capacity or the means for the proper nurture and training of the child."

The petitioner was Francis Jones. She and Bernice Hodges were married on October 5, 1913, and this child was born February 23, 1914. They lived for a few months after their marriage in the home of his father. Her husband deserted her before the birth of the child. When he left her, she went to the home of the respondents, where this child was born. Her sister, Johnnie Jones, the respondent, nursed it, and helped her with it as an infant. Francis testified she gave the child to the respondents provided they would adopt it, which they did not do. The evidence of the respondents is to the contrary, that she gave the child to them unconditionally. This child has been, with its mother's consent, in the possession and control of respondents from its birth until a short while before the commencement of this proceeding, except about 6 months, when it was under 12 months old. The respondents have four children of their own, and for nearly 12 years they have treated and cared for this child as they did their own. He thought he was their child until recently, when he was informed of his true parents. He calls his mother "Aunt Frank" and the respondents "Daddy and Mamma." This child was examined by the court, and stated to the court:

"I lived with Otto Jones and have never lived with anybody else except Otto Jones and his wife. I call them 'Daddy and Mamma.' I call Mrs. Findley, 'Aunt Frank and Frank.' I go to school; Otto has been sending me. I travel in a horse and buggy to school and drive the horse. Otto and his wife have always been good to me and treat me just like they do the balance of the children. I go to the table and go to school right along with the others. They have never been bad to me; they treat me good and give me everything they give the others. I carry the other children to school. I am in the fourth grade. I have finished the fourth and am going in the fifth next year. I want to stay with Otto. I don't want to go with Mrs. Findley. When they tried to get me to go with them some time ago and I agreed to go I thought it was just on a visit, and then when they told me they were going to keep me I told them I wouldn't go. If the court should leave it to me as to where I wanted to go I would stay with Otto and his wife."

When this child was of tender years, an infant, the mother voluntarily placed it with the respondents; they have reared, clothed, cared for, and sent it to school. It has been with them, with its mother's consent, for nearly 12 years. The mother secured a divorce from her husband, Bernice Hodges, and afterwards married W. M. Findley; they have one child.

[3] The present and future welfare and interest of the child should direct the discretion, control the conscience, and determine the decree the court should render as to the person or persons to have the custody, control, and care of it. Ex parte Boaz, 31 Ala. 427; Neville v. Reed, 32 So. 659, 134 Ala. 320, 92 Am. St. Rep. 35; Lewis v. Crowell, 97 So. 691, 210 Ala. 199.

[4, 5] This child when an infant was placed with the respondents, who have cared for it, and are anxious and willing to continue, and are able to do so. They are good people, gave it a good home, and the child desires to remain with them. The mother of the child and its stepfather want it now, and are able to care for it. The court saw and heard the mother, the stepfather, the respondent Otto Jones, the child, and many neighbors testify before him in this cause. The trial court found from the oral testimony of the witnesses "that it would be to the best interest of said child to remain in the custody of the respondents, Otto and Johnnie Jones," and so decreed. This finding should not be disturbed unless plainly contrary to the great weight of the evidence. It appears just and proper, not wrong, and is sustained by the weight of the evidence, so the decree will be affirmed. Bolen v. Bolen, 87 So. 797, 205 Ala. 114, headnote 2; Lewis v. Crowell, 97 So. 691, 210 Ala. 199, headnote 4.

The decree is free from error, and is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.