(108 So. 746)

## YOUNG v. YOUNG.    (6 Div. 603.)

(Supreme Court of Alabama.    May 27, 1926.)

1. Divorce ⊂⇒298(1).

In determining question of custody of child of divorced parents, welfare of child is of paramount consideration.

2. Divorce ⊂⇒303(1)—Divorce decree, in so far as it grants custody of child, is subject to future review, as conditions may arise, on application to trial court.

Divorce decree, in so far as it determines care and custody of child, is subject to future review as conditions may arise, any modification thereof to be sought by application to trial court.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Suit for divorce by Ralph H. Young against Mabel Young. Decree for defendant, and plaintiff appeals. Reversed and rendered in part, and in part affirmed.

J. B. Ivey, of Birmingham, for appellant.

W. E. Howard, of Birmingham, for appellee.

GARDNER, J. Appellant prosecutes this appeal from a decree denying him a divorce. The result of the appeal rests only upon a determination of questions of fact, a discussion of which would serve no useful purpose. Suffice it to say the evidence has been carefully weighed and studied by the court in consultation in the light of the argument of counsel and opinion of the trial court, wherein is stated his reason for the conclusion reached, and, while fully mindful of the rule as to the weight to be accorded such conclusion where the evidence is taken orally before the court (Moor v. Moor, 211 Ala. 56, 99 So. 316), as in the instant case, yet we find ourselves persuaded to a contrary view. As previously indicated, we pretermit a discussion of the evidence or any elaboration of our views, but rest content, in the interest of all parties, with a statement of our conclusion that, from the evidence, complainant is entitled to a decree of divorce. In so far as the decree rendered dismisses complainant's bill and denies him this relief, it will be reversed and one here rendered granting to complainant an absolute divorce.

[1, 2] The chancellor left the care and custody of the child (now five years of age) with the maternal grandparents, who bear a good name and who have cared well and tenderly for the child since its birth. Upon this question the welfare of the child is of paramount consideration. All things considered, we agree with the trial court as to the disposition of the child. The decree in this respect is of course subject to future review as conditions may arise, any modification thereof

to be sought by application to the trial court. The decree in this particular therefore will be affirmed.

Appellee will be taxed with the costs of this appeal, and the costs of the court below will be taxed equally against the parties.

Reversed and rendered in part, and in part affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.