(108 So. 751)

## WHITTEN v. WHITTEN. (6 Div. 587.)

(Supreme Court of Alabama. May 27, 1926.)

**1. Parent and child ⚌2(3).**

In contest between father and mother for custody and control of child, controlling factor is best present and future welfare of child.

**2. Appeal and error ⚌1009(4)—Judgment of trial court in equity in controversy over custody of child will not be disturbed unless plainly erroneous or contrary to great weight of evidence.**

In contest in equity between mother and father for custody and control of child, judgment of trial court, after seeing and hearing witnesses and parties, will not be disturbed on appeal unless plainly erroneous and contrary to great weight of evidence.

**3. Parent and child ⚌2(4).**

In contest for control and custody of child, proof of one unbecoming or immoral act of either of parents *held* not to conclude his or her right.

**4. Parent and child ⚌2(4).**

In attempt by father to secure custody and control of child of four from mother, evidence *held* to sustain award of custody and control to mother.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Petition in equity for custody and control of a child by W. H. Whitten against Ola Whitten. From a decree denying relief, petitioner appeals. Affirmed.

Beddow & Ray, of Birmingham, for appellant.

It was error to dismiss the petition; the welfare of the child would be best assured in the custody of petitioner. 29 Cyc. 1594; Code 1923, § 7422; Pearce v. Pearce, 136 Ala. 188, 33 So. 883.

Edgar Allen, of Birmingham, for appellee.

The best interest of the child lies with the mother. Powell v. Johnson, 213 Ala. 259, 104 So. 525; Morris v. Morris, 19 Ala. App. 216, 96 So. 374. The decree should not be disturbed. Payne v. Graham, 20 Ala. App 439, 102 So. 729.

MILLER, J. This is a petition in equity by W. H. Whitten, the father, against Ola Whitten, the mother, for the possession, custody, and control of their son, Wallace Bailey Whitten, who is four years of age. The court, on the pleading and oral testimony of witnesses, dismissed the petition, awarded the custody and control of the child to its mother, and reserved the cause for further orders and control of the court. This appeal is prosecuted by the petitioner, the father, from that decree, and it is the error assigned.

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] This is a contest between the father and mother of the child for his custody and control. The real controlling factor in the cause is for the court to determine from the evidence what is best for the welfare of the boy. The present and future welfare of the child should control and guide the court in deciding who shall have his custody and control. Neville v. Reed, 134 Ala. 320, 32 So. 659, 92 Am. St. Rep. 35; Lewis v. Crowell, 210 Ala. 199, 97 So. 691; Powell v. Johnson, 213 Ala. 259, 104 So. 525; Francis Findley v. Otto Jones, ante, p. 325, 107 So. 840.

[2] And when the trial judge, as in this case, saw the witnesses, heard them testify orally, and the father and mother appeared before him and gave their testimony, his conclusion and judgment thereon should not be disturbed by this court unless plainly erroneous or plainly contrary to the great weight of the evidence. Bolen v. Bolen, 205 Ala. 114, headnote 2, 87 So. 797; Lewis v. Crowell, 210 Ala. 199, headnote 4, 97 So. 691; Francis Findley v. Otto Jones, supra.

[3, 4] The father by a former marriage has two children, a girl 14 and a boy 12 years of age. They reside in Mississippi at a hotel managed by petitioner's father, for whom he works at this hotel for his board and $50 per month. The respondent, the mother of the child, lives in Birmingham with her mother, and she was formerly married, and by that marriage has one child, a girl about 9 years of age. She and her two children reside with her mother. The appellant and appellee were married in 1921, lived together until September, 1922, when they separated. She obtained a divorce from him on the ground of cruelty, which he defended only by nominal answer denying the cruelty, did not testify, and offered no proof denying the charge. This child was 9 months old when they separated. It is now about 4 years of age. It has been with his mother exclusively during this time. She cared for him in sickness and in health. The father has done nothing for him, except, when forced, after two arrests—first by the juvenile court and then by the court of domestic relations—to contribute to the support of this child. It appears from the evidence that each parent works and supports their children by their labors, and neither has any property or other income. The general reputation of each is good from the testimony of their neighbors. The testimony discloses one or more acts of each parent, which if considered alone would stamp each of them as an improper person to have the custody of this child, but the right of a parent, the mother or the father, to the custody and control of a child must not be concluded by one unbecoming or immoral act. A discussion of the different unbecoming or immoral acts of the parents, disclosed by the evidence, is unnecessary and not required. It is sufficient to state that there is ample evidence in the record to sustain the trial court in awarding the custody and control of the child to its mother. This appears proper and not plainly erroneous; and the decree will be affirmed. Authorities, supra.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.