## LYNN v. LYNN.   (6 Div. 63.)

Supreme Court of Alabama.   Jan. 19, 1928.

**1. Parent and child ⬉2(3)—Welfare of child is paramount in determining custody.**

Welfare of child is of paramount importance in determining its custody, and rights of parties are of secondary importance.

**2. Parent and child ⬉2(4)—Evidence held to sustain finding that 2½ year old girl should be awarded to mother living with her parents rather than to father living with his mother.**

Evidence *held* sufficient to sustain finding of trial court that custody of 2½ year old girl should be awarded to its mother, who bore a good reputation and was living with her parents, who were willing to aid in supporting mother and child, rather than to father who was living with his mother.

**3. Appeal and error ⬉1009(4)—Conclusion of trial court as to custody of child should not be disturbed unless plainly erroneous or plainly contrary to great weight of evidence.**

Conclusion of trial court as to which party should have custody of infant child should not be disturbed by Supreme Court unless plainly erroneous or plainly contrary to great weight of evidence, in view of fact that trial court saw and heard witnesses.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Bill in equity by Otis Lynn against Ollie Lynn for custody of a child. From a decree for defendant, complainant appeals. Affirmed.

James J. Ray, of Jasper, for appellant.

This is not a voluntary separation, so that it can be dealt with under section 8278 of the Code, but must come under the common-law powers of the court, where the right of the father to custody and control of his minor child is paramount. Brinster v. Compton, 68 Ala. 299; Neville v. Reed, 134 Ala. 317, 32 So.

659, 92 Am. St. Rep. 35; Thomas v. Thomas, 212 Ala. 85, 101 So. 738; Sparkman v. Sparkman, 20 Ala. App. 50, 100 So. 621; Payne v. Graham, 20 Ala. App. 439, 102 So. 729; Anonymous, 206 Ala. 295, 89 So. 462; Bryan v. Bryan, 34 Ala. 516; Anonymous, 55 Ala. 430.

J. D. Acuff, of Jasper, for appellee.

The interest of the child is the controlling question. It is a girl child 2 years of age, the custody of which should be left in the mother.

GARDNER, J. Appellant filed this bill against appellee, seeking a divorce and custody of the minor child, born of the marriage of these parties. The testimony was taken orally before the court. Upon the conclusion thereof, and upon submission of the cause, complainant abandoned (by amendment to the prayer of the bill) any effort at a divorce and left the case as one only for the custody of the child. The chancellor denied complainant relief, and awarded the custody of the child to the mother. From this decree complainant has prosecuted the appeal.

[1] The law is well established in this jurisdiction that in cases of this character "the welfare of the child is the question of paramount importance; the rights of the parties to the litigation being merely a matter of secondary consideration." Murphree v. Hanson, 197 Ala. 246, 72 So. 437; Young v. Young, 214 Ala. 642, 108 So. 746; Whitten v. Whitten, 214 Ala. 653, 108 So. 751.

[2] The child is a girl about 2½ years of age, now in the custody of the mother, who, upon leaving complainant, went to the home of her father and mother only a few miles distant. The defendant is a comparatively young woman, of good character, and industrious. Her parents bear a like reputation, and are entirely willing to continue the care of the child and mother and aid in the support of each. Complainant also has a good character and is industrious. Like his wife and her people, he is without means and is dependent upon his labor for support. He has a daughter by a former marriage, now about 7 years of age, and with this child he lives with his mother in a house owned by her, but agreed to be given him should he continue to support her. While there is nothing against her character, yet the evidence tends to show complainant's mother is difficult to get along with. Very clearly, the wife was unhappy living under these circumstances, and wished to live separate from her mother-in-law, but the husband would not. He doubtless not only felt a filial duty, but was also influenced by the agreement on the part of his mother to give him the property in consideration of her support. On account of the unpleasant relation there existing, the wife left the home and went to her parents. The case, in this respect, is somewhat similar to that of Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L. R. A. 1917D, 773, where the court, speaking of a husband who had disclosed a strong sense of filial duty, to the neglect and unhappiness of the wife, said:

"He has assumed new duties and obligations, and when they conflict with his former ties, the conjugal duties must be held paramount, which principle is in keeping with the biblical injunction that the husband shall forsake father and mother and cleave to his wife."

It appears, we think, quite persuasively from this record that the wife would gladly be reunited with the husband under a roof separate from that of the mother, but no effort to that end has been made. She admits a regard for him as her husband, and a desire to live together. His duty is plain. A way is open for the re-establishment of his home in more congenial surroundings, and very clearly no mere mercenary consideration should be permitted to interfere. The child is of tender years and in need of a mother's care, and it is comfortably cared and provided for in the home of the grandparents, who express affection for it.

[3] The trial court saw and heard the witnesses, and his conclusion should not be here disturbed "unless plainly erroneous or plainly contrary to the great weight of the evidence." Whitten v. Whitten, supra. Upon careful consideration of this record, we are not persuaded the decree should be here disturbed, and it is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.