159 So. 813

## CAMPBELL v. SOWELL.
### 7 Div. 299.

Supreme Court of Alabama.
Feb. 28, 1935.

Irby A. Keener, of Centre, for appellant.

Hugh Reed, of Centre, for appellee.

KNIGHT, Justice.

This cause was submitted on motion to dismiss the appeal, and on its merits.

The movant takes the position that there has been a discontinuance of the case, due to the long delay in filing a certificate of appeal and the transcript in this court.

The decree was entered in the cause on October 30, 1933; the security for the cost of the appeal was filed and approved on November 16, 1933; and the transcript was not filed here until January 12, 1935. The certificate of appeal was not filed in this court until January 11, 1935.

Submitted along with the motion are the affidavits of the attorney for the appellant and of the register of the court. In his affidavit the register, with commendable candor, assumes full responsibility for the delay, and, while it shows no valid or legal reason or excuse for not having complied with the law and the rule of this court—section 6107 of the Code, and rule 41, Supreme Court Practice—yet appellee took no active steps to have the cause dismissed, or a discontinuance entered, until after the transcript had been filed, and then for the first time complained of the delay. It does not appear that appellee has suffered the slightest injury from the delay.

In the case of Luther v. Luther, 211 Ala. 352, 100 So. 497, 498, where there was much greater delay in filing the transcript of appeal in this court, it was observed: "We have carefully examined the evidence in support of and against the motion, and are of opinion that there was no waiver or discontinuance of the appeal under the facts of this case. Moreover, the delay of appellee in making his motion to dismiss the appeal is a waiver of the right to dismiss. If appellant could have gotten a certificate of appeal so could appellee, yet he did not do so until

after a proper certificate of appeal and the transcript were both filed. The motion to dismiss the appeal should have been made without undue delay (Street v. Street, 113 Ala. 333, 21 So. 138), which was not done by appellee. Generally, the question of dismissal is addressed to the sound discretion of this court. Rule 42, p. 1517 of Code [now page 893, Code of 1923]; Collier v. Coggins, 103 Ala. 281, 15 So. 578; Jacobs v. Goodwater Graphite Co., supra [205 Ala. 112, 87 So. 363]; Martin. Machine Works v. Miller, 132 Ala. 629, 32 So. 305."

The motion to dismiss the appeal is denied.

This suit arises over the custody of a child, a girl, which at the time the proceedings were instituted was under a year old. The father, Theo Campbell, has undertaken by this suit to recover the custody and possession of his infant daughter from the appellee, a maternal cousin of the child.

The mother of the infant died when she was about five weeks old, and the father, on the day succeeding the death of his wife, committed the child to the care and custody of appellee, to be by the latter "cared for, educated and trained." An agreement to that end was reduced to writing and executed by the appellant, and was filed in the juvenile court of Cherokee county.

Of course this agreement is neither binding upon appellant nor upon this court, if the child's welfare required that other disposition should be made of her. However, as pointed out in the case of Payne v. Payne, 218 Ala. 330, 118 So. 575, such an agreement and acquiescence on the part of the father is to be carefully considered, and not to be entirely ignored, upon the whim and caprice of the parent. It is at least a circumstance to be considered, in the light of all the evidence in the case, but in no event can it determine the action of the court or stand in the way of another disposition of the child should its welfare require a change.

In view of the fact that the agreement made by appellant with appellee and with the juvenile court was brought into the case, we have felt that some reference should be made thereto as to its binding force and evidential qualities.

It has been uniformly held in this jurisdiction that the prima facie right to the custody of the child is always in the parents, over all other persons, and this holding is almost universally recognized. Striplin v. Ware, 36 Ala. 87; Ex parte Rickerson, 203

Ala. 305, 82 So. 769; Montgomery v. Hughes, 4 Ala. App. 245, 58 So. 113; Neville v. Reed, 134 Ala. 317, 32 So. 659, 92 Am. St. Rep. 35; Payne v. Payne, supra.

On the other hand, it is equally as firmly established that the prima facie right of the parent is not absolute, but that the question of first and paramount importance is the welfare, present and future, of the child. It is generally recognized that, when a proceeding is instituted to determine the custody of the child, such child becomes at once a ward of the court. Payne v. Payne, supra; Children's Aid Society v. Davis, 211 Ala. 344, 100 So. 325; Lynn v. Lynn, 217 Ala. 190, 115 So. 184; McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674; Murphree v. Hanson, 197 Ala. 246, 72 So. 437; Stringfellow v. Somerville, 95 Va. 701, 29 S. E. 685, 40 L. R. A. 623.

■ There is much testimony in the record as to the financial ability of the two parties to this litigation, but such consideration can exercise no controlling influence, though to be given some consideration in connection with the ability of the parties to properly care for the child. Children's Aid Society v. Davis, supra.

With these well-understood rules before the court for his guidance, in determining the question of what disposition would best conserve and promote the welfare of its ward, with due regard to the prima facie right of the father, the appellant, the court refused to take the child from its foster mother, the appellee, and restore her to the custody of the father, and accordingly denied his petition.

■ We have carefully read all the evidence in the record, and are at the conclusion that the present welfare of this child requires that the court should not interfere with her present custody; that her father is not in position or condition to minister to the child's needs; that to restore the child to petitioner would not only most probably result in her being deprived of proper medical attention, but also of those necessaries so essential at this time for her well being. However much we may be inclined to respond to a father's desire for his infant child, yet, in this case, we are not impressed that the father has demonstrated through the months any particular desire to be burdened with the care of the child; while, on the other hand, the foster mother—appellee—has done all that a natural mother could be expected to do for the child's welfare; and that she has become greatly attached to the child is but natural.

On a consideration of the evidence in the case, we are in thorough accord with the court below, and its judgment is due to be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.