8 So.2d 893

## PARKER v. BEDWELL et al.

### 7 Div. 705.

Supreme Court of Alabama.

June 11, 1942.

Rehearing Denied June 30, 1942.

McCord, Miller & McCord, of Gadsden, for appellant.

Reed & Reed, of Centre, for appellees.

222

THOMAS, Justice.

This cause is submitted on the motion to dismiss and on the merits.

The motion to dismiss is rested on the record and is not supported by affidavits. The motion was denied in Campbell v. Sowell, 230 Ala. 109, 159 So. 813, when supported by affidavits and no fault for the delay on the part of appellant was shown and when appellee had suffered no injury from the delay.

In the case of White v. White, 230 Ala. 641, 162 So. 368, 369, a motion to dismiss the appeal, affecting a non compos mentis, was filed. Counter affidavits were offered by appellant stating that under the bill "it is not made to appear that appellee has suffered detriment by the delay." The court said: "The appeal is by a non compos mentis, through his guardian ad litem, and the questions presented are in respect to the alleged mismanagement of his estate, and in view of the circumstances and the nature of the appeal, we are of opinion that the motion to dismiss should be denied and the case considered on its merits. Let this order be entered. Campbell v. Sowell [230 Ala. 109], 159 So. 813."

In Campbell v. Sowell, 230 Ala. 109, 159 So. 813, 814, it was declared by this court: "* * * The motion to dismiss the appeal should have been made without undue delay (Street v. Street, 113 Ala. 333, 21 So. 138), which was not done by appellee. Generally, the question of dismissal is addressed to the sound discretion of this court. Rule 42, p. 1517 of Code (now page 893, Code of 1923); Collier v. Coggins, 103 Ala. 281, 15 So. 578; Jacobs v. Goodwater Graphite Co., supra (205 Ala. 112, 87 So. 363); Martin Machine Works v. Miller, 132 Ala. 629, 32 So. 305."

The foregoing motion to dismiss the appeal is rested on the record. The material facts are as follows: The decree appealed from is of date of June 9, 1941. The register's report of sale and reference is of date of July 21, 1941. The decree confirming the register's report is of date of July 28, 1941. The appeal was taken and security for costs filed August 26, 1941, and approved by the register on September 8, 1941. Notice of appeal was issued to the adverse parties on September 24, 1941, and service thereof accepted on the same day for some of the adverse parties and waiver of the right to have notice of appeal served upon them for certain heirs represented by Roy D. McCord is of date of December 23, 1941.

The appeal was effective on the date of the approval of the bond though notice had not been given. Austin v. City of Anniston, ante, p. 214, 8 So.2d 410; Maya Corporation v. Smith, 239 Ala. 470, 196 So. 125.

This being an equity case, the certificate or transcript should have been filed in this court within sixty days or on or before the 8th day of November, 1941. Code 1940, T. 7, §§ 769, 770. As to this it is further declared that where the first call was less than 60 days after appeal was taken, and transcript was filed on first day of next call, it was sufficient, even though not filed within 60 days after taking appeal, in view of § 769, T. 7, Code 1940, and § 790 of the same title. See, also, Supreme Court Practice Rule 41, Code 1940, Tit. 7 Appendix; McCoy v. Wynn, 215 Ala. 172, 110 So. 129, and authorities therein cited.

The further pertinent facts are that the first call of the Seventh Division, after taking of this appeal, was the second Monday in January, 1942, being January 12, 1942. The transcript "had not been filed at that time, neither had this cause been docketed upon Certificate to this Court." Of these facts the court takes judicial knowledge. The motion further states as a fact that "A copy of the transcript was not delivered to us until after the 29th day of April, 1942, being the date upon which it was certified," by the Register of the Circuit Court in Equity of Cherokee County. To the foregoing facts the appellees make no reply.

The record was filed in this court on May 25, 1942, and the cause was submitted on May 26, 1942, on brief and on motion to dismiss the appeal and on the merits.

Rule 41 of the Supreme Court Rules of Practice, Code 1940, T. 7 Appendix, pp. 1019, 1020, reads as follows: "In all cases, either civil or criminal, of appeal to this court, taken in vacation, except those subject to call during the first week of the term, and in all cases, civil or criminal, appealed during the term, unless the transcript is filed with the clerk of this court not later than the first day of the first week of the term during which the case is subject to call in this court, the appeal shall be dismissed at the cost of the appellant, unless good cause be shown to the court, by affidavit or affidavits, not later than the next

Thursday, why said transcript was not filed within the time herein allowed."

This court has declared of this rule (Code 1940, T. 7, p. 1020):

"Where an appeal was taken in July, 1913, in vacation, it was returnable at the next term, beginning in November of that year, and where the transcript was filed on February 2, 1914, on the first day of the call of the division from which the appeal came, it was not subject to dismissal under this rule. Sloss-Sheffield Steel, etc., Co. v. Terry, 191 Ala. 476, 67 So. 678.

"Supreme court's dismissal of appeal for delay in filing transcript and perfecting appeal held discretionary, where clerk of circuit court certified that it was impossible for him to complete record within specified time. Hamrick v. Albertville, 228 Ala. 666, 155 So. 87."

The motion to dismiss in this court is of date of May 20, 1942, five days before the record was filed, and six days before the date of the submission of the appeal. The appellants made no reply to the foregoing motion to dismiss the appeal. Hence there was no unnecessary delay or waiver on the part of appellees to make the motion to dismiss the appeal. It results that there is no excuse for delay beyond the rule and the motion is granted. Appeal is dismissed on authority of Britton v. Bullen, 213 Ala. 659, 106 So. 138; Code 1940, T. 7, § 22; Code 1940, T. 7, §§ 769, 770; Code 1940, T. 7 Appendix, pp. 1019, 1020.

The motion is granted and the appeal dismissed.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.